UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CCSAC, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PACIFIC BANKING CORP, et al.,<br><br>    Defendants. | Case No. 20-cv-02102-JD<br><br>**ORDER GRANTING EX PARTE TEMPORARY RESTRAINING ORDER AND SETTING PRELIMINARY INJUNCTION HEARING**<br><br>Re: Dkt. No. 12 |

Plaintiffs CCSAC, Inc. and CANN Distributors, Inc. have filed a complaint and an ex parte motion for a temporary restraining order ("TRO") against defendants Pacific Banking Corp. ("PBC"), Justin Costello and GRN Funds, LLC. Dkt. Nos. 1, 12.

Plaintiffs state that they deposited in excess of $2.8 million with PBC pursuant to Capital Management Agreements. Dkt. No. 1 ¶¶ 2-4. They allege that PBC has "failed to execute the financial transactions required of it by the Agreements and by the directions of plaintiffs," and has instead "unilaterally transferred some or all of plaintiffs' funds to accounts held by GRN Funds, LLC ('GRN'), an entity controlled by its chief executive officer, Costello." *Id*. ¶¶ 5-6. Plaintiffs have sued defendants for breach of contract, fraud, negligence, injunctive relief and declaratory relief regarding indemnification. *Id*. ¶¶ 34-71. They seek to preserve the cash deposits pending resolution of these claims.

Under Federal Rule of Civil Procedure 65(b), a court may issue an ex parte TRO if: (1) it clearly appears that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies to the court in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. Pro. 65(b); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). Notice may be excused when "a known party cannot be located in time for a hearing."

*McCord*, 452 F.3d at 1131. Temporary restraining orders granted ex parte are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39 (1974); *McCord*, 452 F.3d at 1131.

The facts adduced in plaintiffs' affidavits demonstrate a threat of immediate and irreparable injury, as required by Rule 65(b)(1)(A). *See* Dkt. No. 12-3 (Declaration of John Oram, CEO of CANN Distributors and CCSAC); 12-4 (Declaration of Ed Ng, CFO of CANN and CCSAC). The declarations lay out in detail the factual basis of the concern that PBC may immediately "divert [plaintiffs'] remaining $2.8 million to other accounts, companies or individuals." Dkt. No. 12-3 ¶ 13; Dkt. No. 12-4 ¶ 16. Plaintiffs' attorney has also certified in writing the multiple attempts made to give notice of the TRO application, and established that defendants could not be located in time for a hearing. Dkt. No. 12-2 (Declaration of Steven M. Morger).

Consequently, upon receiving actual notice of this order by personal service or otherwise, defendants and their officers, agents, servants, employees and attorneys, and any other persons in active concert or participation with them, are prohibited and enjoined from:

1. Using, drawing down, transferring or in any way reducing the funds deposited with PBC by CCSAC, Inc. or CANN Distributors, Inc. without their express consent; and
2. Deleting, destroying, editing, or in any way altering any records relating to plaintiffs' deposits, including without limitation all transaction and deposit balance records.

Given the nature of the case and the relief ordered, a bond need not be posted under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

This order was issued at 12:00 p.m., California time, on April 8, 2020, and will expire on April 22, 2020. A preliminary injunction hearing is set for April 22, 2020, at 1 p.m. The hearing will proceed telephonically pursuant to instructions the Court will provide in advance of the hearing. Plaintiffs are directed to file a preliminary injunction motion by April 13, 2020, and to continue all reasonable efforts to serve defendants with the complaint, associated filings, this

order, and the preliminary injunction motion.  Pursuant to Rule 65(b)(4), defendants may apply to the Court for modification or dissolution of this order upon two days' notice to plaintiffs.

**IT IS SO ORDERED.**

Dated:  April 8, 2020

JAMES DONATO
United States District Judge