UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CCSAC, INC., et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>PACIFIC BANKING CORP, et al.,<br><br>       Defendants. | Case No. 20-cv-02102-JD<br><br>**ORDER RE MOTION TO DISMISS AND OTHER PENDING MOTIONS**<br><br>Re: Dkt. Nos. 27, 46, 47, 55 |

This action arises out of banking services agreements between defendant Pacific Banking Corp. (PBC) and plaintiffs CCSAC, Inc. (CCSAC) and CANN Distributors, Inc. (CANN). Plaintiffs CCSAC and CANN allege that the services were not performed as promised, and they assert against PBC, Justin Costello, and GRN Funds, LLC breach of contract, fraud, negligence, and other claims. Dkt. No. 1. The parties' familiarity with the record is assumed. The motion to dismiss for lack of jurisdiction, Dkt. No. 27, and the other pending motions, identified below, are denied.

**DISCUSSION**

**I.    SUBJECT MATTER JURISDICTION**

Defendants PBC, Costello, and GRN Funds ask to dismiss the complaint on the contention that "the plaintiffs have hidden from the Court the fact that they are Marijuana Related Business ('MRB's') and seek to recover for marijuana-related activities that are illegal under federal law and for which the federal courts therefore lack jurisdiction." Dkt. No. 27; *see also id*. at 6-7 ("The Court lacks jurisdiction to resolve a dispute involving conduct that is criminal under federal law.").

1     Defendants misapprehend the Court's subject matter jurisdiction. The case was filed on the basis of diversity jurisdiction. *See* Dkt. No. 1 ¶ 12 ("Jurisdiction is premised on diversity of citizenship, 28 U.S.C. 1332."); ¶ 13 ("The amount in controversy in this action substantially exceeds $75,000."). Defendants do not challenge diversity of citizenship or the amount in controversy.

That is effectively the end of the matter because all of the elements of diversity jurisdiction have been adequately alleged. The legality *vel non* of a contract is not a jurisdictional element, and the possibility that a complaint is based on an event or action that was illegal does not divest the Court of subject matter jurisdiction on diversity grounds. *See Bassidji v. Goe*, 413 F.3d 928, 935-36 (9th Cir. 2005). To be sure, the legality of the banking services contracts stays in play as a question to be addressed later in this case, but it is not a reason to dismiss the complaint for lack of jurisdiction.

## II.   PERSONAL JURISDICTION

Defendants also say that they are not subject to personal jurisdiction in California. Dkt. No. 27 at 8. That too is wrong.

As the proponents of federal jurisdiction, plaintiffs bear the burden of "demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where, as here, the Court has not required an evidentiary hearing, it is enough for plaintiffs to make a prima facie showing of jurisdictional facts. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Plaintiffs cannot rest on the bare allegations of their complaint, but uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800.

To stablish specific jurisdiction, "(1) the defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable." *Fireman's Fund Ins.*

2

*Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 894 (9th Cir. 1996); *APL Co. Pte, Ltd. v. Intergro Inc*, No. 14-cv-00488-JD, 2014 WL 4744410, at *2 (N.D. Cal. Sept. 22, 2014).

When evaluating purposeful availment in contract cases, an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts in the other party's home forum; the Court must instead analyze factors such as "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-79 (1985); *APL Co.*, 2014 WL 4744410, at *2. In addition, specific jurisdiction focuses on the defendant's contacts with the forum state for the claims at issue, *Walden v. Fiore*, 571 U.S. 277, 284 (2014), and the suit must arise out of or relate to the defendant's contacts "with the *forum*" for specific personal jurisdiction to arise. *Bristol-Myers Squibb Co. v. Superior Court of California, S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017) (internal quotation omitted; emphasis in original); *see also Sharpe v. Puritan's Pride, Inc.*, No. 16-cv-06717-JD, 2019 WL 188658, at *4 (N.D. Cal. Jan. 14, 2019).

Plaintiffs have plausibly demonstrated these elements. Plaintiff CCSAC is a California corporation with its principal place of business in Alameda, California. Dkt. No. 1 ¶ 7. Plaintiff CANN is a California corporation with its principal place of business in Oakland, California. *Id.* ¶ 8. The two businesses are affiliated companies. *Id*. Both companies entered into separate Capital Management Agreements with PBC. *Id.* ¶¶ 15-16. In those agreements, PBC agreed to "process all transactions including weekly check requests, ACH and wire transfers on behalf of the" contracting counter-party. *Id.* ¶ 17. For plaintiffs, those transactions included requests for PBC to process payments to 117 vendors, including 112 California-based companies. Dkt. No. 44-1 ¶ 2.[1] The California vendors included the California Department of Tax and Fee Administration. *Id*.; *see also* Dkt. No. 1 ¶ 21 ("On or about December 5, 2019, plaintiffs directed PBC to remit one million dollars ($1,000,000) to the California Department of Tax and Fee Administration on account for payment of tax liabilities owed by plaintiff CANN to the State of

---

[1] The Court relies on the corrected declaration of John Oram, which included the attestation that the declaration was being made under penalty of perjury. Defendants' motion to strike these corrected declarations, Dkt. No. 46, was unduly formalistic and is denied.

3

1   California."). In February 2020, "the State of California informed plaintiff that no payment for
2   one million dollars ($1,000,000) had been received on account of plaintiff CANN's tax liabilities."
3   Dkt. No. 1 ¶ 23. "To date, PBC has neither provided proof of the one million dollar ($1,000,000)
4   payment to the State of California, refunded plaintiff's money to plaintiffs, nor provided
5   justification as to why such payment was not made as instructed by plaintiffs." *Id.* ¶ 25.

On these facts, the purposeful availment prong of the specific jurisdiction test is satisfied on the basis of the contemplated future consequences of the contract, the terms of the contract, and the parties' actual course of dealing. *Burger King*, 471 U.S. at 479. The contract and the parties' course of dealing provided for PBC to process payments to plaintiffs' California vendors, including the California Department of Tax and Fee Administration, as well as to plaintiffs' employees, at least some of whom must have been located in California given that both plaintiffs have their principal places of business here. On the second prong, plaintiffs' claims arise directly out of defendants' forum-related activities -- namely, their alleged failure to remit payment to the California Department of Tax and Fee Administration; failures to "make certain of the directed vendor payments to plaintiffs' vendors"; and delayed payroll payments to plaintiffs' employees. Dkt. No. 1 ¶¶ 21-30. On the third prong, defendants have wholly failed to meet their burden "to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802. They make no argument on that point at all, other than to say the reasonableness element is not "present here." Dkt. No. 27 at 8.

### III.   SERVICE

Defendants seek dismissal because "[t]here is no evidence that [they] have been properly served with the physical summons and complaint." Dkt. No. 27 at 8 (citing Fed. R. Civ. P. 12(b)(4), (5)). That is a somewhat disingenuous statement. At the start of the case, plaintiffs made several attempts to serve defendants with the summons and complaint at various physical addresses as well as by email. Dkt. No. 12-2. The Court found those efforts sufficient for service and notice of the case, and partly on that basis granted a temporary restraining order, Dkt. No. 13, and later a preliminary injunction order, Dkt. No. 23. The TRO directed plaintiffs to "continue all reasonable efforts to serve defendants with the complaint, associated filings, this order, and the

preliminary injunction motion." Dkt. No. 13 at 2-3. The preliminary injunction order directed plaintiffs to "attempt personal and corporate service, and email service, of this order to all known addresses for defendants." Dkt. No. 23 at 2. Plaintiffs documented their continued attempts at service of court filings in their certificates of service. Dkt. Nos. 19, 25.

Defendants' motion to dismiss, Dkt. No. 27, which was filed through counsel, shows that at least one of these attempts must have been successful. "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Sufficient notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Here, defendants clearly received sufficient notice of the complaint, and the record is full of documented efforts on plaintiffs' part to effectuate service. Consequently, dismissal is denied on service grounds.

## IV. OTHER MATTERS

Plaintiffs' objections to the Costello declaration, Dkt. No. 33-3, are denied as moot, as the Costello declaration was not germane to this order. Defendants' objections to the Oram and Selna declarations, Dkt. No. 38 at 1-2, are overruled.

Plaintiffs' motion for leave to request clarification, Dkt. No. 55, is denied as moot. The stay that was previously imposed, Dkt. No. 54, is now lifted.

Defendants' administrative motion to postpone ADR deadlines, Dkt. No. 47, is granted. The parties are directed to comply with their initial ADR obligations, and to select an ADR mechanism through a joint filing to be made by March 26, 2021.

## CONCLUSION

This order terminates Dkt. Nos. 27, 46, 47, and 55.

//

//

//

A case management conference is set for April 8, 2021, with an updated, joint case management statement to be filed by April 1, 2021.

**IT IS SO ORDERED.**

Dated: March 12, 2021

JAMES DONATO
United States District Judge