1    SELNA PARTNERS LLP
     70 Washington Street, Suite 303
2    Oakland, California 94607
     Telephone: (510) 387-8508
3    Steven M. Selna (Bar No. 133409)
     Robert W. Selna (Bar No. 230385)
4    Email: steven@selnapartners.com
     Email: robert@selnapartners.com
5
     Attorneys for Plaintiffs CCSAC, INC., a
6    California corporation and CANN
     DISTRIBUTORS, INC., a California corporation
7

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11
     CCSAC, INC., a California corporation and        Case No. 3:20-cv02102-JD
12   CANN DISTRIBUTORS, INC., a California
     corporation,                                     **PLAINTIFFS' FIRST AMENDED
13                                                     COMPLAINT**
                    Plaintiff,
14
            vs.
15
     PACIFIC BANKING CORP., a Washington
16   corporation, JUSTIN COSTELLO, an
     individual and GRN FUNDS, LLC, a
17   Washington limited liability company,

18                  Defendant.

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────
     First Amended Complaint

**INTRODUCTION**

1.        Jurisdiction in this action is premised on diversity of citizenship in that Plaintiffs CCSAC, Inc. ("CCSAC") and CANN Distributors, Inc. ("CANN") (collectively, "Plaintiffs") are residents of California, while Plaintiffs are informed and believe that Defendants are residents of the State of Washington.  The amount in controversy exceeds $5 million.

2.        In June 2019, CCSAC and Defendant Pacific Banking Corp ("PBC") entered into a Capital Management Agreement whereby PBC agreed to perform certain banking services at the direction of CCSAC.

3.        In April 2019, CANN and PBC entered into a Capital Management Agreement whereby PBC agreed to perform certain banking services at the direction of CANN.

4.        In furtherance thereof, Plaintiffs deposited more than $8 million in funds (the "Funds") with PBC.

5.        Plaintiffs are informed and believe and based thereon allege that PBC unilaterally transferred some or all of the Funds to accounts held by GRN Funds, LLC ("GRN"), an entity controlled by its chief executive officer, Justin Costello ("Costello").  GRN has issued checks or been referenced on checks issued in payment of certain accounts of Plaintiffs.

6.        Despite the existence of the Agreements and the deposit of the Funds, PBC has failed to execute the financial transactions required of it under the Agreements and at Plaintiffs' direction. In response to inquiries from Plaintiffs, PBC and Costello have made repeated false statements about the payments requested by Plaintiffs, including that PBC has paid one million dollars ($1,000,000) to the California taxing authorities to fund CANN's tax liabilities.

**PARTIES**

7.        CCSAC is a California corporation with its principal place of business in Alameda, California.

8.        CANN is a California corporation with its principal place of business in Oakland, California.  CANN and CCSAC are affiliated companies.

9.        Plaintiffs are informed and believe and on that basis allege that defendant PBC is a Washington corporation, with its principal place of business in Seattle, Washington.

10.     Plaintiffs are informed and believe, and on that basis allege that defendant Costello is the chief executive officer of PBC and GRN and is a resident of the State of Washington.  Costello executed the Capital Management Agreements on behalf of PBC.

11.     Plaintiffs are informed and believe and on that basis allege that defendant GRN Funds, LLC is a Washington limited liability company with its principal place of business in Seattle, Washington.

**JURISDICTION**

12.     Jurisdiction is premised on diversity of citizenship, 28 U.S.C 1332.  Plaintiffs are residents of the State of California.  Plaintiffs are informed and believe that Defendants are residents of the State of Washington and are not residents of the State of California.

13.     The amount in controversy in this action substantially exceeds $75,000.  Specifically, the damage suffered and recoverable by Plaintiffs exceeds $5 million, exclusive of interests and costs.

**INTRADISTRICT ASSIGNMENT**

14.     Plaintiffs' principal places of business are located in Alameda County, California, and the matters described in the Agreements arose, in substantial part, in Alameda County, California.

**THE CAPITAL MANAGEMENT AGREEMENTS**

15.     One or about June 17, 2019, Plaintiff CCSAC and Defendant PBC entered into a Capital Management Agreement, a true and correct copy of which is appended hereto as **Exhibit A.**

16.     On or about April 24, 2019, Plaintiff CANN and Defendant PBC entered into a Capital Management Agreement, a true and correct copy of which is appended hereto as **Exhibit B.**

17.     Each Capital Management Agreement provides at paragraph 2(c) that "PBC will process all transactions including weekly check requests, ACH and wire transfers on behalf of the [respective plaintiff]."

18.     Each Capital Management Agreement further provides at paragraph 9: "[PBC] will only take actions on the account or execute transactions as authorized by [respective Plaintiff].  [PBC] will not unreasonably fail to take actions or execute transactions.  [PBC] is responsible for exercising ordinary care in processing transactions upon authorization by the [respective Plaintiff] in accordance with this Agreement, and reserves the right to decline to process any transaction for

1 | any reason. If a transaction is not completed, [PBC] will promptly communicate the

2 | circumstances to the [respective Plaintiff]."

3 | 19.     Pursuant to the Capital Management Agreements, Plaintiffs deposited more than $8

4 | million with PBC.

5 | 20.     Plaintiffs are informed and believe and based thereon allege that PBC transferred some or

6 | all of the Funds to accounts held by GRN, an entity controlled by its chief executive officer,

7 | Costello. GRN has issued checks or been referenced on checks issued in payment of certain

8 | accounts of Plaintiffs.

9 | **FAILED TAX PAYMENT**

10 | 21.     On or about December 5, 2019, Plaintiffs directed PBC to remit one million dollars

11 | ($1,000,000) to the California Department of Tax and Fee Administration on account for payment

12 | of tax liabilities owed by Plaintiff CANN to the State of California.

13 | 22.     On or about December 30, 2019, PBC informed Plaintiffs that the one million dollar

14 | ($1,000,000) tax payment to the State of California had been made on plaintiff CANN's behalf.

15 | 23.     On or about February 21, 2020, the State of California informed CANN that no payment of

16 | one million dollars ($1,000,000) had been received on account of CANN's tax liabilities. By

17 | virtue of the contended non-payment, the State of California threatened to revoke CANN's ability

18 | to do business in the State of California and has imposed penalties and interest upon CANN for

19 | nonpayment of more than five hundred thousand dollars ($500,000).

20 | 24.     On or about February 21, 2020, and at various times thereafter, Plaintiffs notified PBC that

21 | the one million dollar ($1,000,000) payment was not received by the State of California and

22 | requested evidence that the payment had in fact been made. In response, PBC and Costello

23 | affirmatively represented to Plaintiffs that the payment was, in fact, made. PBC has failed and

24 | refused to provide evidence that such payment had been made as PBC had represented to

25 | Plaintiffs.

26 | 25.     To date, PBC has neither provided proof of the one million dollar ($1,000,000) payment to

27 | the State of California, refunded the Funds to Plaintiffs, nor provided justification for why such

28 | payment was not made as instructed by Plaintiffs.

26.     Additionally, on or about January 22, 2020, Plaintiffs directed PBC to process an additional one million two hundred thousand dollars ($1,200,000) payment to the State of California on account of CANN's tax liability.  PBC also failed to make this tax payment. The non-payment of taxes by PBC has subjected Plaintiffs to additional penalties and interest to the State of California.  PBC failed to process this payment request without justification or explanation.

**FAILED VENDOR PAYMENTS**

27.     In or about December 2019, Plaintiffs directed PBC to pay various of Plaintiffs' vendors for services and products.  The aggregate amount of the instructed vendor payments was $1.7 million.

28.     Despite sufficient Funds being available to make such payments, PBC has failed and refused to make certain of the directed vendor payments to plaintiffs' vendors or to refund Plaintiffs their Funds or to provide justification for why such payments were not made as instructed by Plaintiffs.  By virtue of the non-payment, Plaintiffs' vendors threatened to halt delivery of goods and services and to impose penalties upon Plaintiffs.

**DELAYED PAYROLL PAYMENTS**

29.     At various times in and after late November 2019, Plaintiffs directed PBC to fund payroll for Plaintiffs' employees from the funds deposited by Plaintiffs with PBC.

30.     On multiple occasions, PBC delayed issuance of payroll past the due date, thereby forcing Plaintiffs to pay their employees from other sources and to process the payroll, at great cost and expenditure of time to Plaintiffs.

**TERMINATION OF CAPITAL MANAGEMENT AGREEMENTS**

31.     Based on the foregoing failures of PBC to make tax payments, vendor payments and payroll payment, Plaintiffs notified PBC that they had elected to terminate the Capital Management Agreements and requested that their remaining funds be returned.

32.     In response to Plaintiffs' request for termination of the Capital Management Agreements, PBC and Costello agreed to termination of the Capital Management Agreements; represented that a reconciliation of the checks issued by PBC would be prepared, and that when such reconciliation

1  was completed and approved by Plaintiffs, the remaining Funds would be promptly refunded to

2  Plaintiffs.  In addition, Costello promised to address the two outstanding tax payments.  To that

3  end, Costello represented to Plaintiffs that PBC would prepare a draft termination agreement for

4  Plaintiffs' approval, provide proof of the $1 million tax payment and provide an explanation as to

5  why the $1.2 million tax payment was never processed.  Despite such representations, PBC still

6  has not prepared the termination agreement; still has not completed the reconciliation; still has

7  failed to provide evidence that the $1 million tax payment was made; still has failed to provide an

8  explanation for why the $1.2 million tax payment was never processed, and still has refused to

9  return the Funds to Plaintiffs.

10  33.  In the discussions concerning termination of the Capital Management Agreements,

11  Costello informed Plaintiffs that the Funds had been deposited into an account controlled by

12  Costello.  Plaintiffs are aware that the Funds may have been placed into one or more accounts in

13  the name of GRN, which Plaintiffs are informed and believe is a company controlled by Costello,

14  its CEO.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

**Defendant PBC**

19  34.  Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 33 of the

20  Amended Complaint as though fully set forth herein.

21  35.  At all times relevant herein, Plaintiffs were party to the Capital Management Agreements

22  with PBC.

23  36.  Plaintiffs have fully performed their obligations under the Capital Management

24  Agreements, save for those obligations performance of which has been waived or excused.

25  37.  PBC breached the Capital Management Agreements.  Its breaches include without

26  limitation, the following:

27  38.  Failing to process the one million dollar ($1,000,000) tax payment to the State of

28  California or provide proof that such payment was made;

39.     Failing to process the vendor payments;

40.     Failing to timely process payroll expenses;

41.     Failing to acknowledge termination of the Capital Management Agreements;

42.     Failing to process the requested $1.2 million tax payment to the State of California; and

43.     Failing to return the Funds Plaintffs deposited with PBC which currently exceed $2.85 million.

44.     As a direct and proximate consequence of PBC's breach of the Capital Management Agreements, Plaintiffs have suffered damages in excess of $5 million, including but not limited to more than $500,000 in tax penalties incurred by CANN and $2.85 million for the unreturned Funds on deposit with PBC, exclusive of interest and costs.

## SECOND CLAIM FOR RELIEF

### (Fraud)

### Defendants PBC and Costello

45.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 33 of this Amended Complaint as though fully set forth herein.

46.     Both in the Capital Management Agreements and repeatedly since the execution of those Agreements, PBC, through Costello, represented that it would process all payment requests from Plaintiffs so long as Plaintiffs' funds were on deposit with PBC.  At all relevant times, PBC had sufficient Funds on deposit to process payments according to Plaintiffs' instructions.

47.     PBC's promises and representations were material to Plaintiffs' decision to deposit and maintain in excess of $8 million with PBC.

48.     Since Plaintiffs discovered that PBC failed to make the one million dollar ($1,000,000) tax payment to the State of California for CANN, Costello has falsely represented to Plaintiffs that they would promptly be provided with proof of the payment, that a full reconciliation of all receipts and payments would be made, that a draft termination agreement of the Capital Management Agreements would be promptly prepared and that all net Funds remaining after the approved payments would be promptly refunded to Plaintiffs.

49.     Costello's promises and representations were material to Plaintiffs' decision to withhold

1 | commencement of litigation over the conduct described above.

2 | 50.     PBC intended that Plaintiffs rely of its promises and representations.

3 | 51.     Plaintiffs reasonably relied on PBC's and Costello's promises and representations.

4 | 52.     PBC and Costello made the promises and representations without any intention to perform

5 | the same.

6 | 53.     PBC and Costello repeatedly failed to honor Plaintiffs' payment instructions, to explain

7 | why such instructions were not followed, to complete the reconciliation, to provide the termination

8 | agreement for the Capital Management Agreements or to refund the net Funds due to Plaintiffs.

9 | 54.     As the direct and proximate result of PBC's and Costello's fraud, Plaintiffs have been

10 | damaged in an amount not less than $5 million plus interest and costs.

11 | 55.     The afore-mentioned conduct of PBC and Costello was intentional and despicable conduct

12 | which subjected Plaintiffs to undue hardship, and was in conscious disregard of Plaintiffs' rights,

13 | justifying an award of exemplary and punitive damages herein against PBC and Costello.

14 | **THIRD CLAIM FOR RELIEF**

15 | **(Conversion)**

16 | **Against All Defendants**

17 | 56.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 33 of the

18 | Amended Complaint as though fully set forth herein.

19 | 57.     Plaintiffs entrusted their Funds, more than $2.85 million, to Defendants to (a) process

20 | Plaintiffs' tax payments to the State of California, (b) process Plaintiffs' vendor payments; and (c)

21 | process Plaintiffs' payroll expenses.

22 | 58.     Defendants interfered with Plaintiffs' use of the Funds, which they had intended to satisfy

23 | their tax, vendor and employee payroll obligations by (a) failing to process the tax payments owed

24 | to the State of California; (b) failing to make the vendor payments; and (c) failing to process

25 | Plaintiffs' payroll expenses.

26 | 59.     When Defendants failed to satisfy Plaintiffs' tax payments, pay their vendors and pay their

27 | payroll expenses, Plaintiffs demanded a return of the Funds.

28 | 60.     Plaintiffs were entitled to possession of the Funds upon their demand, and Defendants

1    were obligated to return the Funds to the Plaintiffs.

2    61.    Defendants failed and refused to return the Funds to Plaintiffs, unlawfully detaining the

3    Funds, and depriving Plaintiffs of their use and possession.

4    62.    Defendants willfully and without lawful justification appropriated the Funds without

5    Plaintiffs' consent.

6    63.    Defendants' unlawful misappropriation of the Funds have damaged Plaintiffs in an amount

7    not less than $5 million, including but not limited to the $ 2.85 million owed to Plaintiffs plus an

8    initial $500,000 tax penalty followed by ensuing additional tax penalties owed to the State of

9    California, plus interests and costs.

10                              **FOURTH CLAIM FOR RELIEF**

11                                      **(Negligence)**

12                                     **Defendant PBC**

13    64.    Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 33 of the

14    Amended Complaint as though fully set forth herein.

15    65.    As the custodian of the Funds, PBC owed Plaintiffs a duty of care to diligently and, in a

16    timely manner, process payments pursuant to Plaintiffs' instructions.

17    66.    PBC breached its duty of care by failing to diligently and in a timely manner process

18    Plaintiffs' payment requests.

19    67.    As the direct and proximate result of PBC's negligence, Plaintiffs have been damaged in

20    an amount not less than $5 million plus interests and costs.

21                               **FIFTH CLAIM FOR RELIEF**

22                                   **(Injunctive Relief)**

23                           **Defendants PBC Costello and GRN**

24    68.    Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 33 of the

25    Amended Complaint as though fully set forth herein.

26    69.    PBC, Costello and/or GRN currently hold in excess of $2.85 million in Funds belonging to

27    Plaintiffs.

28    70.    PBC's, Costello's and/or GRN's diversion of the Funds for any purpose other than

1   honoring Plaintiffs' direct instructions for payment would result in harm and continuing litigation

2   over the ownership of the Funds.

3   71.    Unless and until permanently enjoined and restrained by order of this Court, PBC's,

4   Costello's and/or GRN's continued exercise of dominion and control over the Funds has will

5   likely result in future actions by, inter alia, the State of California and Plaintiffs' vendors for

6   whom payment should have been processed.

7   72.    Plaintiffs have no adequate remedy at law for the injury and irreparable harm which stands

8   to be suffered by Plaintiffs as a result of PBC's failure to process Plaintiffs' payment instructions

9   and by PBC's, Costello's and/or GRN's exercise of dominion and control over Plaintiffs' funds.

10  73.    Plaintiffs seek a permanent injunction enjoining PBC, Costello and GRN from dissipating

11  the Funds in any manner.

12  **SIXTH CLAIM FOR RELIEF**

13  **(Declaratory Relief – Duty to Indemnify)**

14  **Defendants PBC and Costello**

15  74.    Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 33 of the

16  Amended Complaint as though fully set forth herein.

17  75.    As a consequence of PBC's failure to process payments as described above, the State of

18  California and Plaintiffs' vendors may assert claims against Plaintiffs on account of PBC's failure

19  to process Plaintiffs' payments to the State of California and Plaintiffs' vendors. Further, by virtue

20  of PBC's transfer of Plaintiffs' funds from PBC to bank accounts controlled by Costello, the

21  Funds are not available to Plaintiffs to make their tax and vendor payments.

22  76.    There exists an actual controversy relating to the parties' legal rights and obligations with

23  respect to such claims against Plaintiffs and the attendant potential liability.  Specifically,

24  Plaintiffs contend that PBC and Costello are obligated to indemnify, defend, and hold Plaintiffs

25  harmless from and against any and all expenses, losses, claims or liability, including costs and

26  attorneys' fees, arising out of or in any way related to claims by the State of California or

27  Plaintiffs' vendors against Plaintiffs for nonpayment of any sum which Plaintiffs instructed PBC

28  to pay.

77.    Plaintiffs are informed and believe that PBC and Costello deny Plaintiffs' contention.

78.    By this action, Plaintiffs seek a judicial determination of their rights and obligations with respect to these matters.  Specifically, Plaintiffs seek a judicial determination that PBC and Costello are obligated to indemnify, defend, and hold Plaintiffs harmless form and against any claim or liability asserted by the State of California or Plaintiffs' vendors against Plaintiffs for nonpayment of any sum which Plaintiffs instructed PBC to pay.

79.    Such a determination is necessary and proper at this time under the circumstances presented.

**SEVENTH CLAIM FOR RELIEF**

**(Washington Consumer Protection Act)**

**Against all Defendants**

80.    Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 33 of the Amended Complaint as though fully set forth herein.

81.    Defendants' conduct toward Plaintiffs violated the Washington Consumer Protection Act (the "Act"), RCW 19.86.090.

82.    Costello falsely represented to Plaintiffs that PBC was a financial transaction processing institution.

83.    PBC, through Costello, falsely represented that it would process Plaintiffs' payment requests provided the Funds were on deposit with PBC.  At all relevant times, Plaintiffs had sufficient Funds on deposit with PBC to process their payment requests.

84.    Defendants' misrepresentations to Plaintiffs induced them to deposit more than $8 million with PBC.

85.    Defendants' misrepresentations and actions toward Plaintiffs were unfair and deceptive practices.

86.    Defendants' unfair and deceptive practices toward Plaintiffs occurred in trade or commerce.

87.    Defendants' unfair and deceptive acts and practices toward Plaintiffs, including their misrepresentations that PBC was a financial transaction institution, affect the public interest.

88.    Defendants' unfair and deceptive acts and practices caused injury to Plaintiffs' businesses.

**PRAYER**

WHEREFORE, Plaintiffs pray as follows:

1. For a Judgment in their favor against PBC, Costello and GRN.

2. For compensatory damages in excess of $5 million, including for Funds held by PBC and Costello and for in excess of $500,000 in penalties imposed against it by the State of California.

3. For penalties of up to $2,000 for each of Defendants' violations of the Washington Consumer Protection Act, resititution, disgorgement, actual damages and treble damages.

4. For exemplary and punitive damages.

5. For permanent injunctive relief prohibiting PBC, Costello and GRN from dissipating the Funds in any manner and permanently enjoining Defendants from further violating the Washington Consumer Protection Act.

6. For an award of Plaintiffs' fees and costs; and,

7. For such other and further relief as the Court may deem just and proper.

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby request a jury trial.

DATED: July 20, 2021                                        SELNA PARTNERS LLP


                                                           By: /s/Steven M. Selna
                                                              Steven M. Selna
                                                              Robert W. Selna
                                                              Attorneys for Plaintiffs