UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CCSAC, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PACIFIC BANKING CORP, et al.,<br><br>  Defendants. | Case No. 20-cv-02102-JD<br><br>**ORDER TO SHOW CAUSE** |

After reviewing defendants' response to the Court's inquiries about the status of plaintiffs' funds, *see* Dkt. No. 151, the Court has serious concerns that defendants have not complied with the preliminary injunction order. The injunction prohibited Pacific Banking Corp. (PBC), Justin Costello, and GRN Funds, LLC, "and their officers, agents, servants, employees and attorneys, and any other persons in active concert or participation with them," from (i) "[u]sing, drawing down, transferring or in any way reducing the funds deposited with PBC by CCSAC, Inc. or CANN Distributors, Inc. without their express consent;" and (ii) "[d]eleting, destroying, editing, or in any way altering any records relating to plaintiffs' deposits, including without limitation all transaction and deposit balance records." Dkt. No. 23 at 1.

Defendants were directed to file a declaration under penalty of perjury certifying compliance with the preliminary injunction order. Dkt. No. 148 at 2. The declaration was to state where the funds subject to the preliminary injunction order are located, including (i) the name and address of the financial institution, (ii) the type of account being used, (iii) the full and exact account number, and (iv) the balance of the funds as of September 9, 2022. *Id.*

The declaration defendants filed did not provide these basic facts. Among other shortfalls, it did not identify the exact location or balance of plaintiffs' funds. It says the funds are in an

"aggregated account" with Sound Credit Union, and the balance is "*at least* $2,923,858.13 for funds within that account that are attributable to Plaintiffs." Dkt. No. 151 ¶¶ 3, 7 (emphasis added). It says the approximately $1 million discrepancy between this number and the amount of funds shown in the purported bank statements attached as exhibits is "the 2020 requested tax payment at issue, which has yet to be reconciled." *Id.* ¶ 7. This does not adequately describe the location or balance of all of plaintiffs' funds that were subject to the preliminary injunction order.

The declaration also raised questions about the genuineness of the bank statements defendants attached as exhibits to the declaration. Defendants say the exhibits are "a true and correct copy of PBC's client-account portal statements." *Id*. But when compared to similar statements from January and February 2021 submitted by plaintiffs, it appears that defendants removed the PBC letterhead. *See* Dkt. No. 152-1, Ex. A. Plaintiffs say the redacted account numbers in the exhibits do not correspond with the account numbers disclosed by defendants' counsel, and the phone number on the exhibits is not in service. *Id.* ¶ 2.

Defendants appear to have misrepresented that plaintiffs have access to the account statements. The declaration says "[t]hroughout this action and including today, each Plaintiff has access to this same portal, and this same information." Dkt. No. 151 ¶ 7. Plaintiffs say that they cannot access the portal, that defendants' banking website is inactive, and that they have not received any bank statements from defendants since 2021. Dkt. No. 153 ¶¶ 2-3.

Consequently, defendants are ordered to show cause why they should not be held in civil contempt for violating the preliminary injunction order. An evidentiary hearing on defendants' compliance is set for October 18, 2022, at 10:00 a.m. in Courtroom 11 of the San Francisco courthouse. The Court expects that defendant Justin Costello will be prepared to testify on the compliance measures defendants undertook. Defendants may call other witnesses as they wish, and will disclose the identity and testimony areas of such witnesses to plaintiffs no later than October 11, 2022. Plaintiffs will examine the witnesses first, followed by defendants. Each side will file examination exhibits by October 11, 2022.

**IT IS SO ORDERED.**

Dated: September 27, 2022

JAMES DONATO
United States District Judge