1  | SELNA PARTNERS LLP
2  | 70 Washington Street, Suite 303
   | Oakland, California 94607
   | Telephone: (510) 387-8508
3  | Steven M. Selna (Bar No. 133409)
   | Robert W. Selna Bar No. 230385)
4  | Email:  steven@selnapartners.com
   | Email:  robert@selnapartners.com
5  |
   | Attorneys for Plaintiffs CCSAC, INC., a
6  | California corporation and CANN
   | DISTRIBUTORS, INC., a California corporation
7  |
8  |
9  | UNITED STATES DISTRICT COURT
10 | NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
11 |

| | |
|---|---|
| CCSAC, INC., a California corporation, and CANN DISTRIBUTORS, INC., a California corporation; | Case No. 3:20-cv-02102-JC |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF NEW INFORMATION RELEVANT TO ORDER TO SHOW CAUSE HEARING RE: DEFENDANTS' VIOLATION OF PRELIMINARY INJUNCTION ORDER** |
| vs. | |
| PACIFIC BANKING CORP., a Washington corporation, JUSTIN COSTELLO, an individual, and GRN FUNDS, LLC, a Washington limited liability company, | Date: October 18, 2022<br>Time: 10:00 a.m.<br>Judge:  Hon. James Donato<br>Trial Date:  To be Reset |
| Defendants. | |

1  TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

2

3      Plaintiffs CCSAC, INC. and CANN DISTRIBUTORS, INC ("Plaintiffs") file this notice to

4  advise the Court of new information bearing on the issue of Defendants' violation of this Court's

5  Preliminary Injunction Order (Dkt. No. 22) as well as their noncompliance with the Court's

6  September 8, 2022 Order (Dkt. No.148).

7      On September 29, 2022, Defendant Justin Costello ("Costello") was indicted by the United

8  States Attorney for the Western District of Washington on charges of wire fraud and securities

9  fraud (the "Indictment"). That case is *United States v. Costello*, Case No. 2:22-cr-00160-RSM

10  (W.D. Wash.). Paragraphs 25 and 26 of the Indictment directly relate to Defendants'

11  noncompliance with this Court's September 8, 2022 Order. These paragraphs state:

12      *25.     On March 26, 2020, Marijuana Business 1 filed a lawsuit against Pacific Banking*

13  *Corp., JUSTIN COSTELLO, and GRN Funds, LLC in U.S. District Court for the Northern District*

14  *of California alleging breach of contract, among other claims.  On April 24, 2020, the Court issued*

15  *a preliminary injunction order prohibiting JUSTIN COSTELLO and the other defendants from:*

16  *"[u]sing, drawing down, transferring or in any way reducing the funds deposited with [Pacific*

17  *Banking Corp.] by [Marijuana Business 1] without their consent." On September 8, 2022, the*

18  *Court ordered JUSTIN COSTELLO and the other defendants to file by September 15, 2022, a*

19  *Declaration under penalty of perjury identifying where Marijuana Business 1's funds subject to the*

20  *preliminary injunction order were located, including "the name and address of the financial*

21  *institution, the type of account being used, the full and exact account number, and the balance of*

22  *funds as of September 9, 2022."  The Court also directed JUSTIN COSTELLO and the other*

23  *defendants to "certify that defendants have adhered to the injunction from the time it was issued."*

24      *26.     On September 15, 2022, JUSTIN COSTELLO filed a Declaration in response to the*

25  *Court's Order and signed it under penalty of perjury.  In his Declaration, JUSTIN COSTELLO*

26  *stated that Marijuana Business 1's funds were located "in an aggregate account in the name of*

27  *GRN Funds, LLC" located at Sound Credit Union in Tacoma Washington.  JUSTIN COSTELLO*

28  *also stated that the account was a checking account and the "balance of funds as of September 9,*

**PLAINTIFFS' NOTICE RE: OCTOBER 18, 2022 OSC HEARING**

*2022 is at least $2,923,858.13 for funds in the account that are attributable to [Marijuana Business 1]."* JUSTIN COSTELLO *also certified that he had abided by the Court's preliminary injunction since it was issued.  Contrary to* JUSTIN COSTELLO*'s sworn statements, the GRN Funds, LLC checking account at Sound Credit Union had a balance of $15.35 as of September 9, 2022.* (See Indictment, pp. 9,10, attached hereto as Exhibit A).

Plaintiffs respectfully bring this new information to the Court's attention, as it appears to indicate that Costello defied this Court's Preliminary Injunction Order as well as its September 8, 2022, Order.

DATED:  Sept. 30, 2022                              Respectfully submitted,

SELNA PARTNERS LLP

By: _____
        Steven M. Selna
        Attorneys for Plaintiffs

# EXHIBIT A

> Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington
>
> September 28, 2022
>
> RAVI SUBRAMANIAN, Clerk
>
> By _____ Deputy

## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR22-160 RSM |
| Plaintiff, | **INDICTMENT** |
| v. | |
| JUSTIN COSTELLO, | |
| Defendant. | |

The Grand Jury charges that:

**INTRODUCTION**

1.       Beginning in or about late 2017, and continuing until in or about May 2021, JUSTIN COSTELLO was a resident of Bellevue, Washington.  During this time, JUSTIN COSTELLO owned several companies that (1) purportedly provided banking services to the marijuana industry, and (2) through reverse mergers, controlled two publicly-traded companies.  Between in or about April 2019 and September 2022, JUSTIN COSTELLO engaged in numerous fraudulent acts in connection with the banking services and the publicly-traded companies.

2.       Beginning in or about the fall of 2017, JUSTIN COSTELLO owned and operated companies, including Pacific Banking Corp., which provided banking services

Indictment - 1
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   to marijuana businesses located in the State of Washington, Colorado, California, Illinois,

2   and Alaska.  From 2019 to 2021, JUSTIN COSTELLO, contrary to representations he

3   made to three marijuana businesses, fraudulently diverted their funds by co-mingling

4   them with other clients' funds and using them elsewhere to benefit JUSTIN COSTELLO

5   personally and his companies.

6          3.      From at least November 2018 through July 2020, JUSTIN COSTELLO

7   recruited and solicited investors to make investments in several of the entities he

8   controlled, including GRN Holding Corporation and Hempstract Inc. When soliciting

9   these investors, JUSTIN COSTELLO made material misrepresentations, including

10   misrepresentations concerning his background and historical success in business,

11   including misrepresentations about the size and success of his marijuana banking

12   business described above.

13          4.      In June 2019 and February 2020, JUSTIN COSTELLO, through his

14   companies GRN Funds, LLC and Manufacturing 360, LLC conducted reverse mergers by

15   buying the majority of outstanding shares of two publicly traded companies: Discovery

16   Gold Corporation (later renamed GRN Holdings Corporation) and Riverdale Oil and Gas

17   Corporation (later renamed Hempstract Inc.).  From June 2019 through May 2021,

18   JUSTIN COSTELLO made material misrepresentations to purchasers and sellers of GRN

19   Holding Corporation and Hempstract Inc. concerning his background and the nature of

20   the business of GRN Holding Corporation and Hempstract Inc. through public filings

21   with the U.S. Securities and Exchange Commission and press releases.  JUSTIN

22   COSTELLO also engaged in manipulative trading in the securities of both issuers.

23          5.      From October 2019 through January 2021, JUSTIN COSTELLO conducted

24   a series of manipulative pump-and-dump schemes involving the securities of at least four

25   issuers, including Foothills Exploration Inc., REMSleep Holdings, Inc., Clancy Systems

26   International Inc., and Hempstract Inc.  To conduct his manipulative scheme, JUSTIN

27

Indictment - 2
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

COSTELLO: (1) purchased the securities of these issuers in brokerage accounts under his control; (2) secretly recruited and agreed to pay promoters to tout the stock on Twitter and other social media; (3) sold the stock he had accumulated after the price increased due to the illegal touting of the stock; (4) paid the promoters a share of the illicit profits for their activity.

**RELEVANT ENTITIES**

6.      **GRN Funds, LLC:**  GRN Funds, LLC is a Washington State Limited Liability Company formed in 2017.  JUSTIN COSTELLO is the managing member, owner, Chief Executive Officer (CEO), and Chairman of GRN Funds, LLC.  At various times in his schemes to defraud, JUSTIN COSTELLO described GRN Funds, LLC as a hedge fund, private equity and capital management company.  According to GRN Funds, LLC's website, Pacific Banking Corp. was one of GRN Funds, LLC's "brands"; that is, one of the companies operating under the GRN Funds, LLC umbrella of companies.  GRN Funds, LLC's website also stated that the company had $1.15 billion under management and $600 million under deposit.

7.      **GRN Holding Corporation:**  GRN Holding Corporation is a Nevada shell corporation formed in 2010 under the name Norman Cay Development Inc.  On July 12, 2012, the name of the company was changed to Discovery Gold Corporation, and its stock traded on the over the counter (OTC) market under the ticker symbol DCGD.  Between 2012 and 2018, Discovery Gold Corporation generated no revenue.  On June 20, 2019, GRN Funds, LLC purchased 55.65% of Discovery Gold Corporation's outstanding shares for $300,000.  A private company purchasing the majority of a publicly traded shell company's stock is commonly referred to as a "reverse merger."  At the time, Discovery Gold Corporation was trading at a price of approximately $.004 per share.  After completing the reverse merger, JUSTIN COSTELLO became Director, President, and CEO of Discovery Gold Corporation.  On July 16, 2019, Discovery Gold

Indictment - 3
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 Corporation changed its name to GRN Holding Corporation and subsequently changed its

2 ticker symbol to GRNF. By September 2019, GRN Holding Corporation was trading

3 close to $2.00 per share, even though the company had yet to earn any revenue and had

4 no business operations. GRN Holding Corporation's office address was in Seattle,

5 Washington.

6       8.    **GRN Holding Corporation ("GRN Holding WA")**: GRN Holding WA

7 is a Washington corporation formed in May 2019. According to the articles of formation

8 and initial report filed with Washington State for GRN Holding WA, JUSTIN

9 COSTELLO served as the incorporator and a Governor of the company. GRN Holding

10 WA's office address was in Seattle, Washington. GRN Holding WA's stock was not

11 traded on the OTC market. As set forth below, JUSTIN COSTELLO misled multiple

12 investors to believe they were purchasing shares of GRN Holding Corporation, and they

13 would be able to trade their shares on the OTC market, when in fact, JUSTIN

14 COSTELLO sold the investors shares of GRN Holding WA.

15       9.    **Hempstract Inc.**: Hempstract Inc. is a Nevada corporation formed in 2007.

16 Hempstract Inc. was previously known as Helisys, Inc., then Fraser Industries, Inc., and

17 finally Riverdale Oil and Gas Corporation, where it traded on the OTC market under the

18 ticker symbol RVDO through October 20, 2020, when it was changed to HPST. On

19 February 28, 2020, Manufacturing 360, LLC, another company controlled by JUSTIN

20 COSTELLO, acquired a controlling interest of the outstanding shares of Riverdale Oil

21 and Gas Corporation, and Richard Hawkins was appointed as CEO and President

22 (Hawkins was also a member of GRN Holding Corporation and was involved with

23 Pacific Banking Corp. as well). At the time Manufacturing 360, LLC acquired the

24 shares, RVDO was trading at approximately $.09 per share. Riverdale Oil and Gas

25 Corporation discontinued and spun off its oil and gas interest, and its new business plan

26 involved developing and selling hemp-based products. By July 2020, Riverdale Oil and

27

Indictment - 4
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Gas Corporation was trading at approximately $1.40 per share, despite having no revenue or business operations.

10.     On August 6, 2020, Riverdale Oil and Gas Corporation acquired all the assets of Hempstract, LLC, a Washington State Limited Liability Company. According to the certificate of formation and initial report for Hempstract, LLC filed with Washington State on May 2, 2019, JUSTIN COSTELLO served as Executor/Governor of the company and Richard Hawkins was the Registered Agent. JUSTIN COSTELLO received approximately 24 million shares of Riverdale Oil and Gas Corporation in exchange for Hempstract, LLC's assets, allegedly valued at approximately $11 million dollars. On October 20, 2020, Riverdale Oil and Gas Corporation changed its name to Hempstract Inc. According to a disclosure statement filed by Hempstract Inc. for the period ending December 31, 2020, Hempstract Inc. had no revenue for the year. Hempstract Inc. shared an office space in Seattle with GRN Holding Corporation, and JUSTIN COSTELLO owned approximately 26% of the outstanding shares of Hempstract Inc. By December 31, 2021, according to an annual disclosure statement filed by the company, JUSTIN COSTELLO owned approximately 55% of the outstanding shares of Hempstract Inc. JUSTIN COSTELLO was the Chairman of the Board of Hempstract Inc., until resigning on May 18, 2021.

## COUNTS 1 to 8
### (Wire Fraud)

11.     The allegations set forth in Paragraphs 1 through 10 of this Indictment are re-alleged and incorporated as if fully set forth herein.

12.     Beginning in or about April 2019 and continuing through in or about September 2022, in King County, within the Western District of Washington, and elsewhere, the defendant, JUSTIN COSTELLO, knowingly devised and intended to devise a scheme and artifice to defraud three marijuana businesses, and to obtain money

Indictment - 5
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  and property by means of materially false and fraudulent pretenses, representations, and

2  promises, as set forth more fully below.

## I.      THE OBJECT OF THE SCHEME

4       13.     The object of JUSTIN COSTELLO's scheme and artifice to defraud was to

5  obtain money by soliciting marijuana companies to use the services of his banking

6  companies by means of materially false and fraudulent pretenses, representations, and

7  promises; and through similar means, to divert and misappropriate portions of the

8  marijuana companies' funds for his own personal benefit, and to conceal the diversion

9  and misappropriation.

## II.      MANNER AND MEANS

11      14.     It was part of the scheme and artifice to defraud that, between April 2019

12 and September 2022, defendant JUSTIN COSTELLO owned and operated companies,

13 including Pacific Banking Corp., that purportedly provided banking services to marijuana

14 companies located in the State of Washington, California, Colorado, Illinois, and Alaska.

15 ***Marijuana Business 1***

16      15.     It was further part of the scheme that in or about April and June 2019,

17 Pacific Banking Corp., through JUSTIN COSTELLO, entered into agreements with a

18 California-based marijuana business ("Marijuana Business 1") to provide banking

19 services for Marijuana Business 1. In these agreements, which JUSTIN COSTELLO

20 signed as the CEO of Pacific Banking Corp., Pacific Banking Corp. agreed to "only take

21 actions on the account or execute transactions as authorized by [Marijuana Business 1],"

22 and that "Pacific Banking Corp. [would] not unreasonably fail to take actions or execute

23 transactions." In addition, Pacific Banking Corp. agreed to produce monthly statements

24 to Marijuana Business 1 for the account.

25      16.     In or about August 2019, Pacific Banking Corp., through JUSTIN

26 COSTELLO, and Marijuana Business 1 entered into a custodial banking agreement. This

27

Indictment - 6
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

agreement required Pacific Banking Corp. to set up a Special Purpose Vehicle (SPV) on behalf of Marijuana Business 1 and open a bank account in the name of the SPV through which Pacific Banking Corp. would process financial transactions on behalf of Marijuana Business 1.

17.     Like the agreements described above, the Custodial Banking Agreement required Pacific Banking Corp. to "only take actions on the account or execute transactions as authorized by [Marijuana Business 1]." JUSTIN COSTELLO, through Pacific Banking Corp., also agreed that it "[would] not unreasonably fail to take or execute transactions."

18.     On or about May 7, 2019, Marijuana Business 1 transferred $9.8 million from a foreign bank account to a bank account belonging to GRN Funds, LLC at O Bee Credit Union located in the State of Washington pursuant to the agreements with Pacific Banking Corp. and JUSTIN COSTELLO. JUSTIN COSTELLO was the only authorized signer on the GRN Funds, LLC bank account.

19.     After the initial deposit on or about May 7, 2019, Marijuana Business 1 deposited another approximately $4 million into bank accounts JUSTIN COSTELLO controlled. During his scheme to defraud, JUSTIN COSTELLO transferred a portion of Marijuana Business 1's funds through the GRN Funds, LLC bank account and other bank accounts he controlled.

20.     Between May 7, 2019, and in or about October 2020, JUSTIN COSTELLO, contrary to his representations to Marijuana Business 1, diverted and misappropriated approximately $3 million of Marijuana Business 1's funds to benefit his other companies, to make payments on behalf of other Pacific Banking Corp. clients, and for his personal benefit.

21.     For example, on or about May 20, 2019, JUSTIN COSTELLO fraudulently diverted Marijuana Business 1's money to fund a portion of a $50,000 payment to a

Indictment - 7
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

securities attorney located in California for an initial payment for the purchase of

Discovery Gold Corporation by his company, GRN Funds, LLC.  On or about June 19,

2019, JUSTIN COSTELLO fraudulently diverted an additional $250,000 of Marijuana

Business 1's funds to the California-based securities attorney to complete the purchase of

Discovery Gold Corporation.

22.     In or about November 2019, Marijuana Business 1 requested that Pacific

Banking Corp. make a $1 million tax payment to the State of California.  JUSTIN

COSTELLO and Pacific Banking Corp. did not make the payment because by that time

JUSTIN COSTELLO had diverted and misappropriated the funds of Marijuana Business

1 and used them to benefit JUSTIN COSTELLO's other companies and for his own

benefit.  JUSTIN COSTELLO falsely stated to Marijuana Business 1 that Pacific

Banking Corp. had made the payment.  In addition, Pacific Banking Corp. provided

Marijuana Business 1 with false and fraudulent account statements showing that the

payment had been made, but then returned to the account.  In fact, no payment had been

made on behalf of Marijuana Business 1.

23.     In January 2020 and March 2020, Marijuana Business 1 requested that

Pacific Banking Corp. make two additional payments of $1.2 million (a tax payment to

the State of California) and $380,000 (a payment for Marijuana Business 1's payroll

expenses), respectively.  Like the last request, JUSTIN COSTELLO and Pacific Banking

Corp. did not make these payments because JUSTIN COSTELLO had diverted and

misappropriated Marijuana Business 1's funds to benefit JUSTIN COSTELLO's other

companies and for his own benefit.

24.     Between December 2019 and September 2022, JUSTIN COSTELLO,

through Pacific Banking Corp., continued to provide Marijuana Business 1 false account

statements showing that Pacific Banking Corp. maintained custody and control of

Marijuana Business 1's funds even though JUSTIN COSTELLO had diverted a

Indictment - 8
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  significant portion of Marijuana Business 1's funds to benefit JUSTIN COSTELLO's

2  other companies and for his own benefit.

3       25.    On March 26, 2020, Marijuana Business 1 filed a lawsuit against Pacific

4  Banking Corp., JUSTIN COSTELLO, and GRN Funds, LLC in U.S. District Court for

5  the Northern District of California alleging breach of contract, among other claims.  On

6  April 24, 2020, the Court issued a preliminary injunction order prohibiting JUSTIN

7  COSTELLO and the other defendants from: "[u]sing, drawing down, transferring or in

8  any way reducing the funds deposited with [Pacific Banking Corp.] by [Marijuana

9  Business 1] without their consent."  On September 8, 2022, the Court ordered JUSTIN

10  COSTELLO and the other defendants to file by September 15, 2022, a Declaration under

11  penalty of perjury identifying where Marijuana Business 1's funds subject to the

12  preliminary injunction order were located, including "the name and address of the

13  financial institution, the type of account being used, the full and exact account number,

14  and the balance of funds as of September 9, 2022."  The Court also directed JUSTIN

15  COSTELLO and the other defendants to "certify that defendants have adhered to the

16  injunction from the time it was issued."

17       26.    On September 15, 2022, JUSTIN COSTELLO filed a Declaration in

18  response to the Court's Order and signed it under penalty of perjury.  In his Declaration,

19  JUSTIN COSTELLO stated that Marijuana Business 1's funds were located "in an

20  aggregate account in the name of Defendant GRN Funds, LLC" located at Sound Credit

21  Union in Tacoma, Washington.  JUSTIN COSTELLO also stated that the account was a

22  checking account and the "'balance of funds as of September 9, 2022' is at least

23  $2,923,858.13 for funds in the account that are attributable to [Marijuana Business 1]."

24  JUSTIN COSTELLO also certified that he had abided by the Court's preliminary

25  injunction since it was issued.  Contrary to JUSTIN COSTELLO's sworn statements, the

26

27

Indictment - 9
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   GRN Funds, LLC checking account at Sound Credit Union had a balance of $15.35 as of

2   September 9, 2022.

3   ***Marijuana Business 2***

4        27.    On or about July 12, 2019, another business involved in the marijuana

5   industry ("Marijuana Business 2") entered into two Capital Management Agreements

6   with Pacific Banking Corp. to create two accounts at Pacific Banking Corp.  JUSTIN

7   COSTELLO signed the agreements on behalf of Pacific Banking Corp.  In both

8   documents, JUSTIN COSTELLO agreed that Pacific Banking Corp. would "only take

9   actions on the account or execute transactions as authorized by [Marijuana Business 2],

10  and that "[Pacific Banking Corp. would] not unreasonably fail to take actions or execute

11  transactions."

12       28.    When negotiating the agreements with Marijuana Business 2, JUSTIN

13  COSTELLO told Marijuana Business 2's Chief Executive Officer that: (1) GRN Funds

14  held a bank account for Pacific Banking Corp. as Pacific Banking Corp.'s custodian; (2)

15  Pacific Banking Corp. would set up two separate bank accounts for Marijuana Business 2

16  under the GRN Funds bank account; and (3) Marijuana Business 2's funds would be the

17  only funds in these separate bank accounts.

18       29.    Based upon these representations, Marijuana Business 2 transferred a total

19  of $275,000 to the GRN Funds bank account between June 2019 and October 2019.

20  Between August 2019 and February 2021, JUSTIN COSTELLO transferred $155,013.08

21  back to Marijuana Business 2.

22       30.    Contrary to JUSTIN COSTELLO's representations to Marijuana

23  Business 2, JUSTIN COSTELLO did not create separate bank accounts for Marijuana

24  Business 2's funds.  Rather, JUSTIN COSTELLO commingled Marijuana Business 2's

25  funds in the GRN Funds LLC bank account with the funds of other Pacific Banking Corp.

26  clients, including Marijuana Business 1.  JUSTIN COSTELLO diverted and

27

Indictment - 10
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  misappropriated approximately $122,000 of Marijuana Company 2's funds to benefit

2  JUSTIN COSTELLO's other companies, to make payments on behalf of other Pacific

3  Banking Corp. clients, and for his personal benefit.

4       31.    To conceal his diversion of Marijuana Business 2's funds, JUSTIN

5  COSTELLO made several false lulling statements to Marijuana Business 2.  On October

6  28, 2020, JUSTIN COSTELLO, through Pacific Banking Corp., entered into a Mutual

7  Termination and Release Agreement with Marijuana Business 2.  In the Mutual

8  Termination and Release Agreement, JUSTIN COSTELLO agreed to pay Marijuana

9  Business 2 $134,249.54, the balance reflected in the final account statement for

10  Marijuana Company 2's accounts with Pacific Banking Corp., following the execution of

11  the agreement.  Contrary to the representation in the agreement, JUSTIN COSTELLO did

12  not pay Marijuana Business 2.

13       32.    On February 19, 2021, JUSTIN COSTELLO entered into an addendum to

14  the Mutual Termination and Release Agreement with Marijuana Business 2.  In the

15  addendum, JUSTIN COSTELLO agreed to pay Marijuana Business 2 $20,000 of the

16  $134,249.54 that remained due to Marijuana Business 2, with the remaining balance to be

17  paid within 30 days after the $20,000 transfer.  JUSTIN COSTELLO did transfer $20,000

18  to Marijuana Company 2 on February 23, 2021, from a bank account in the name of a

19  different company JUSTIN COSTELLO owned, but he never paid the remaining balance.

20  ***Marijuana Business 3***

21       33.    Between March 2020 and September 2021, JUSTIN COSTELLO engaged

22  in similar fraudulent activity with another marijuana business located in Alaska

23  ("Marijuana Business 3").  On or about March 5, 2020, Marijuana Business 3 entered

24  into a Capital Management Agreement with Pacific Banking Corp. to provide access to

25  an "aggregate" bank account with banking services.  In the document, Pacific Banking

26  Corp. agreed it would "only take actions on the account or execute transactions as

27

Indictment - 11
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  authorized by [Marijuana Business 3], and that "[Pacific Banking Corp. would] not

2  unreasonably fail to take actions or execute transactions."  Marijuana Business 3 did not

3  receive a counter-signed Capital Management Agreement from JUSTIN COSTELLO.

4  On or about March 12, 2020, however, Marijuana Business 3 received a welcome letter

5  from Pacific Banking Corp. signed by JUSTIN COSTELLO that provided their new

6  account information and wire transfer instructions.

7      34.     On March 17, 2020, and March 18, 2020, Marijuana Business 3 transferred

8  $50,000 each day to a bank account belonging to GRN Funds, LLC at Sound Credit

9  Union located in the State of Washington.  JUSTIN COSTELLO was the only authorized

10  signer on the GRN Funds LLC Sound Credit Union bank account.  Thereafter, Marijuana

11  Business 3 caused an additional approximately $1.5 million to be deposited into the GRN

12  Funds, LLC account through a third-party processor.

13      35.     On or about July 10, 2020, Marijuana Business 3 requested that Pacific

14  Banking Corp. make a $115,022 tax payment to the IRS.  Pacific Banking Corp. failed to

15  make the payment, although the online portal provided to Marijuana Business 3 by

16  Pacific Banking Corp. falsely indicated the payment was completed.  On or about

17  September 18, 2020, Marijuana Business 3 requested Pacific Banking Corp. make a

18  $11,200 payment to the IRS.  Pacific Banking Corp. issued a check to the IRS, which was

19  later returned for insufficient funds.

20      36.     By December 2020, Pacific Banking Corp. was not processing any of

21  Marijuana Business 3's requests, including Marijuana Business 3's requests to return its

22  funds.  In May 2021, JUSTIN COSTELLO falsely promised Marijuana Business 3 that

23  their funds would be returned by the end of the week.  In fact, by May 2021, the balance

24  in the GRN Funds LLC account was less than $1,500 because JUSTIN COSTELLO had

25  diverted and misappropriated Marijuana Company 3's funds to benefit JUSTIN

26  COSTELLO's other companies, to make payments on behalf of other Pacific Banking

27

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Corp. clients, and for his personal benefit.  Meanwhile, JUSTIN COSTELLO, through

2   Pacific Banking Corp., continued to provide Marijuana Business 3 with false account

3   statements showing that Pacific Banking Corp. maintained custody and control of

4   Marijuana Company 3's funds.

5     37. Pacific Banking Corp. agreed to release Marijuana Business 3's funds only

6   after a Mutual Termination and Release Agreement was signed.  In July 2021, Pacific

7   Banking Corp. provided an Agreement that listed a $398,826 balance due to Marijuana

8   Business 3.  In September 2021, Pacific Banking Corp. provided a revised Agreement

9   that added the $115,022 IRS payment, which was under "reconciliation."  To date,

10  Marijuana Business 3 has not received any of their funds and their tax obligations with

11  the IRS have not been paid by JUSTIN COSTELLO or Pacific Banking Corp.

12    38. In total, JUSTIN COSTELLO's fraudulent conduct related to his marijuana

13  banking businesses caused total losses of approximately $3.7 million dollars to Marijuana

14  Business 1, Marijuana Business 2, and Marijuana Business 3.

15    **III.** **EXECUTION OF THE SCHEME TO DEFRAUD**

16    39. On or about the dates set forth below, at Seattle and elsewhere, in the

17  Western District of Washington, JUSTIN COSTELLO, for the purpose of executing the

18  scheme and artifice described above, caused to be transmitted by means of wire

19  communication in interstate and foreign commerce the signals and sounds described

20  below, with each transmission constituting a separate Count of this Indictment:

| **Count** | **Date** | **Wire Communication** |
|---|---|---|
| 1 | May 7, 2019 | $9,800,000 wire from bank account in another country for benefit of Marijuana Business 1 to GRN Funds bank account at O Bee Credit Union in the State of Washington |

Indictment - 13
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| 2 | May 20, 2019 | $50,000 wire from the GRN Funds bank account at O Bee Credit Union in the State of Washington to a Citibank bank account in the State of California for the purpose of buying Discovery Gold Corp. |
|---|---|---|
| 3 | June 19, 2019 | $250,000 wire from the GRN Funds bank account at O Bee Credit Union in the State of Washington to a Citibank bank account in the State of California for the purpose of buying Discovery Gold Corp. |
| 4 | July 12, 2019 | Email from JUSTIN COSTELLO from the State of Washington to Marijuana Business 2 in the State of Illinois attaching signed Capital Management Agreements between Pacific Banking Corp. and Marijuana Company 2 |
| 5 | September 20, 2019 | $80,000 wire transfer from Marijuana Business 2's bank account at Partner Colorado Credit Union in the State of Colorado to the GRN Funds bank account at O Bee Credit Union in the State of Washington |
| 6 | October 28, 2019 | $50,000 wire transfer from Marijuana Business 2's bank account at Partner Colorado Credit Union in the State of Colorado to the GRN Funds bank account at O Bee Credit Union in the State of Washington |
| 7 | March 17, 2020 | $50,000 wire transfer for the benefit of Marijuana Business 3 from another State through FedWire to the GRN Funds bank account at Sound Credit Union in the State of Washington |

Indictment - 14
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | |
|---|---|---|
| 8 | March 18, 2020 | $50,000 wire transfer for the benefit of Marijuana Business 3 from another State through FedWire to the GRN Funds bank account at Sound Credit Union in the State of Washington |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS 9 to 17**
**(Wire Fraud)**

40.     The allegations set forth in Paragraphs 1 through 38 of this Indictment are re-alleged and incorporated as if fully set forth herein.

41.     Beginning in or about November 2018 and continuing through in or about May 2021, in King County, within the Western District of Washington, and elsewhere, the defendant, JUSTIN COSTELLO, knowingly devised and intended to devise a scheme and artifice to defraud investors, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as set forth more fully below.

**I.      THE OBJECT OF THE SCHEME TO DEFRAUD**

42.     The object of JUSTIN COSTELLO's scheme and artifice to defraud was to obtain money by soliciting investors to invest in several entities he owned or controlled, including GRN Holding Corporation and Hempstract Inc., and mislead purchasers and sellers of GRN Holding Corporation and Hempstract Inc. in the public markets by means of materially false and fraudulent pretenses, representations, and promises; and through similar means, to divert and misappropriate portions of the investors' funds for his own personal benefit and to conceal his diversions and misappropriations, and the loss of funds he caused.

Indictment - 15
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II.   MANNER AND MEANS

### *JUSTIN COSTELLO's fraudulent solicitation of private investors*

43.   It was part of the scheme to defraud that JUSTIN COSTELLO solicited funds from investors based on material misrepresentations, including, but not limited to, false representations regarding his educational and employment background, qualifications, assets, and investment strategy.  Specifically, when soliciting investors, JUSTIN COSTELLO made the following false representations:

a.   he had graduated from the University of Minnesota with a degree in Public Business Administration and had a Master's in Business Administration (MBA) from Harvard Business School;

b.   he had served in the armed forces, had done two tours in Iraq, and had been wounded twice;

c.   he was a billionaire;

d.   he managed money for wealthy individuals, including a Saudi sheikh;

e.   he had 14 years of experience on Wall Street; and

f.   he was the Chief Executive Officer of GRN Funds, LLC, a private equity fund and hedge fund with over $1 billion in assets under management.

### *Investors B.M. and J.M.*

44.   For example, JUSTIN COSTELLO met investors B.M. and J.M., a married couple, in or about January 2019.  JUSTIN COSTELLO told B.M. and J.M. that he was a self-made hedge fund billionaire and that he managed money for wealthy people, including a Saudi sheikh.  JUSTIN COSTELLO also told B.M. and J.M. that he had an MBA from Harvard, and that he had been in the Special Forces, was shot twice, and had shrapnel in his leg.  In addition, on or about September 12, 2019, JUSTIN COSTELLO sent text messages to B.M. touting his support from billionaires in the Seattle area.

Indictment - 16
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Specifically, JUSTIN COSTELLO sent B.M. messages that claimed, "Local titans

2  showing me love" and referenced that he had already reached the founders of two

3  prominent companies in Seattle and Redmond. JUSTIN COSTELLO then falsely

4  asserted "They are supporting us now."

5      45.    It was further part of the scheme to defraud that, to portray himself as a

6  successful billionaire, JUSTIN COSTELLO expressed interest in buying a multi-million-

7  dollar house through B.M., a real estate agent. B.M. told JUSTIN COSTELLO that he

8  needed to provide proof of funds showing that he had sufficient funds to buy an $11

9  million dollar house before he could view it. In response, JUSTIN COSTELLO gave

10  B.M. a May 2019 O Bee Credit Union bank statement for GRN Funds, LLC showing a

11  balance of approximately $9 million dollars. Thus, JUSTIN COSTELLO falsely led

12  B.M. to believe the funds belonged to him to create the illusion that he was a successful

13  money manager. In fact, the funds belonged to Marijuana Business 1.

14      46.    Based upon JUSTIN COSTELLO's false and fraudulent representations,

15  B.M. and J.M. agreed to purchase stock from JUSTIN COSTELLO. For example, in or

16  about July 2019, JUSTIN COSTELLO solicited B.M. and J.M. to invest in GRN Holding

17  Corporation. Based upon JUSTIN COSTELLO's representations, B.M. and J.M.

18  believed they were buying stock that they would be able to trade publicly. Contrary to

19  JUSTIN COSTELLO's representations, JUSTIN COSTELLO sold B.M. and J.M.

20  approximately 500,000 shares of GRN Holding WA, the Washington State corporation

21  privately controlled by JUSTIN COSTELLO, for $250,000. In addition, based on

22  JUSTIN COSTELLO's false representations, B.M. and J.M. also purchased 9,000,000

23  restricted shares of Discovery Gold Corp. from JUSTIN COSTELLO, for a price of

24  $1,800,000 in July 2019.

25      47.    In addition to soliciting them to invest directly in his companies, JUSTIN

26  COSTELLO offered to manage B.M. and J.M.'s money in an investment trading account.

27

Indictment - 17
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   JUSTIN COSTELLO told B.M. that he was a "licensed investment guy." In fact,

2   JUSTIN COSTELLO did not hold any securities licenses. JUSTIN COSTELLO directed

3   B.M. and J.M. to open a brokerage account at TD Ameritrade, which they did in July

4   2019, funding the account with $4,000,000. B.M. and J.M. signed an agreement with

5   JUSTIN COSTELLO to pay him 20% of the profits in their account. JUSTIN

6   COSTELLO represented that he was providing them a "friends and family" discount, and

7   that he was waiving his typical capital management fee. B.M. and J.M. provided

8   JUSTIN COSTELLO with the login and password information for their brokerage

9   account. Thereafter, JUSTIN COSTELLO conducted all the trading in B.M. and J.M.'s

10  account.

11       48.    On August 1, 2019, a representative of TD Ameritrade asked B.M. if she

12  was being charged a fee for advice about the brokerage account. B.M. asked JUSTIN

13  COSTELLO how to respond and he told B.M. to respond "no" even though he was

14  charging a B.M. and J.M. a 20% fee. For example, JUSTIN COSTELLO provided B.M.

15  and J.M. a $29,553.17 invoice, dated August 29, 2019, for 20% profit sharing in their

16  account, which they paid. JUSTIN COSTELLO attached to the invoice a list of the

17  transactions in the account in July 2019. The transactions consisted entirely of purchases

18  and sales of GRN Holding Corporation (known as Discovery Gold Corporation at the

19  time), the company in which JUSTIN COSTELLO, through GRN Funds LLC, had

20  acquired a controlling interest on June 20, 2019. By engaging in this trading in B.M. and

21  J.M.'s account, JUSTIN COSTELLO inflated the trading volume and share price of GRN

22  Holding Corporation. During this time, the stock experienced an increase in share price:

23  from approximately $.003 per share at the end of June 2019 to $.39 per share by the end

24  of July 2019, even though the company still had not earned any revenue or had any

25  business operations.

26

27

Indictment - 18
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Investor S.T.*

49.     Investor S.T. met JUSTIN COSTELLO in or about August 2019.  To induce her to invest, JUSTIN COSTELLO told S.T. that he went to Harvard, managed money for a sheikh, and was the youngest billionaire under 40 years old.

50.     In or about February 2020, JUSTIN COSTELLO offered to sell restricted shares of Hempstract Inc. (then known as Riverdale Oil and Gas Corporation) to S.T. as part of a "friends and family" deal.  In reliance on JUSTIN COSTELLO's representations, S.T. gave JUSTIN COSTELLO a check in the amount of $100,038 for shares of Hempstract Inc.  S.T. also gave JUSTIN COSTELLO a check for $125,000 for shares of GRN Holding Corporation.  JUSTIN COSTELLO deposited S.T.'s check for $125,000 into his personal bank account.  JUSTIN COSTELLO spent at least $42,000 of S.T.'s $125,000 on personal expenses, including for wedding expenses.

51.     In addition to soliciting her to invest directly into these companies, JUSTIN COSTELLO told S.T. to open a brokerage account and said that he would provide her investment advice for trading in the account.  S.T. opened the account in March 2020 and funded the account with $400,000.  S.T. conducted all the trading in the account, but JUSTIN COSTELLO told S.T. what stocks to buy and sell.  Among other stocks, JUSTIN COSTELLO told S.T. to buy and sell GRN Holding Corporation and Hempstract Inc. (then trading as Riverdale Oil and Gas Corporation).  Based on JUSTIN COSTELLO's representations, S.T. believed that all the stocks she traded in her account were companies owned by JUSTIN COSTELLO, and that he intended to merge them into a conglomerate marijuana business.  Based upon JUSTIN COSTELLO's fraudulent investment advice, S.T. lost approximately $51,000 trading in her brokerage account.

*Investors J.W. and D.W.*

52.     Investor J.W. met JUSTIN COSTELLO in or about November 2018. When soliciting J.W. to invest in GRN Holding Corporation (then known as Discovery

Gold Corporation), JUSTIN COSTELLO told J.W. that he was a former military
commando who had done two tours in Iraq and had been shot twice.  In addition, JUSTIN
COSTELLO told J.W. that he was a billionaire, and that GRN Holding Corporation was a
conglomerate which owned or was acquiring companies in the cannabis industry,
including companies that provided financial services to marijuana businesses.

53.     To support this claim, on or about October 14, 2019, JUSTIN COSTELLO
emailed J.W. a list of the twelve companies purportedly operating or soon to be operating
under the GRN Holding Corporation umbrella, as well as their purported annual revenues
and assets.  The first six companies listed were purported marijuana producers/processors
with supposed annual revenues between $1 million and $5 million and annual profits
between $200,000 and $2 million.  Contrary to JUSTIN COSTELLO's representations,
GRN Holding Corporation did not control or acquire any marijuana producers/processers
generating these amounts of revenue or profits.

54.     The list also included a "merchant processing company" that processed
$221 million per year and earned a 1% commission on the transactions (earning $2.21
million per year) and a "bank holding company" with $26 million in free trading stock
holdings and $1.2 billion in deposits on which the bank holding company earned
commissions of .75% (earning $9 million per year).  Although JUSTIN COSTELLO
controlled Pacific Banking Corp. and other companies involved in the marijuana banking
industry, JUSTIN COSTELLO's claims about the amount of funds processed and size of
deposits were false.  In addition, as set forth above in this Indictment, JUSTIN
COSTELLO, through Pacific Banking Corp., was defrauding at least two marijuana
businesses at or around the time he made this statement to J.W.

55.     Based upon JUSTIN COSTELLO's false and fraudulent representations,
J.W. and D.W. agreed to purchase stock from JUSTIN COSTELLO.  For example, in or
about November 2019, JUSTIN COSTELLO solicited J.W. and D.W. to invest in GRN

Indictment - 20
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 Holding Corporation. Based upon JUSTIN COSTELLO's representations, J.W. and

2 D.W. believed they were buying stock in the company described in JUSTIN

3 COSTELLO's email. Contrary to JUSTIN COSTELLO's representations, JUSTIN

4 COSTELLO sold J.W. and D.W. approximately 33,333 restricted shares of GRN Holding

5 WA, the privately held corporation, for $25,000 each. In addition, D.W. purchased free

6 trading shares of GRN Holding Corporation in his brokerage account.

7     56.    On or about February 27, 2020, JUSTIN COSTELLO sent J.W. a text

8 message indicating that the "Hempstract IPO is happening." JUSTIN COSTELLO then

9 directed J.W. to open a brokerage account to purchase shares of the shell company

10 Hempstract, LLC intended to acquire. To entice J.W. to purchase these shares, JUSTIN

11 COSTELLO told him the shares would have an "epic ipo run." In addition, JUSTIN

12 COSTELLO falsely told J.W. that a large grocery business in Chicago named

13 Dominick's had made a $12 million purchase order for Hempstract products. Following

14 these representations, J.W. opened a brokerage account and purchased 16,900 shares of

15 Riverdale Oil and Gas Corp. in March 2020. On April 28, 2020, approximately one

16 month later, Riverdale Oil and Gas Corp. announced a non-binding letter of intent to

17 acquire the assets of Hempstract, LLC.

18 ***Hempstract, LLC investors***

19     57.    On March 9, 2020, JUSTIN COSTELLO made an investor presentation to

20 several prospective investors in Hempstract, LLC prior to its merger into Riverdale Oil

21 and Gas Corp. During the investor presentation, JUSTIN COSTELLO made several false

22 statements concerning his background and the potential operation of Hempstract, LLC,

23 including:

24                a.     he worked in Seattle, but also had offices in London and New

25 York;

26

27

Indictment - 21
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    b.    he was a banker for the marijuana industry and had over 400

2 clients for which he provided banking services;

3    c.    he conservatively anticipated sales for Hempstract, LLC of $1

4 million to $1.5 million per month starting in two to three months; and

5    d.    he claimed to have a few smaller family offices and hedge

6 funds involved in the deal.

7    58.    At the conclusion of the investor presentation, D.D, relying on JUSTIN

8 COSTELLO's representations, gave JUSTIN COSTELLO a check for $20,000 for

9 200,000 restricted shares of Hempstract, LLC (later converted into Hempstract Inc.

10 shares).  JUSTIN COSTELLO told D.D. that he would turn the $20,000 into $400,000 to

11 $500,000.

12    59.    In reliance on JUSTIN COSTELLO's false and fraudulent representations

13 set forth above, approximately 29 investors collectively lost approximately $6 million.

14 ***JUSTIN COSTELLO's false and fraudulent statements to the public***

15    60.    It was further part of JUSTIN COSTELLO's scheme and artifice to defraud

16 that he made or caused to be made material misrepresentations to purchasers and sellers

17 of the securities of GRN Holding Corporation and Hempstract Inc. through public

18 statements that contained material misrepresentations and omissions concerning JUSTIN

19 COSTELLO's educational and professional background; concerning GRN Holding

20 Corporation's acquisition of other companies, including companies owned and controlled

21 by JUSTIN COSTELLO; and concerning Hempstract Inc.'s business prospects, including

22 the value of its assets.

23 ***GRN Holding Corporation***

24    61.    On July 1, 2019, Discovery Gold Corporation filed a Form 8-K with the

25 U.S. Securities and Exchange Commission, announcing the purchase of the majority of

26 its outstanding shares by GRN Funds, LLC.  At the time of the acquisition, JUSTIN

27

Indictment - 22
*United States v. Costello*
USAO No. 2019R00959

1  COSTELLO was named the Director, President, and CEO of Discovery Gold

2  Corporation.  In the Form 8-K, which JUSTIN COSTELLO signed as CEO, JUSTIN

3  COSTELLO was described as a graduate of the University of Minnesota with a degree in

4  Public Business Administration and a graduate of the Harvard Business School.  The

5  Form 8-K also falsely described GRN Funds, LLC as a "private equity and hedge fund."

6  As set forth above, the GRN Funds, LLC website falsely stated that the company had

7  $1.15 billion under management and $600 million under deposit.  At the time, Discovery

8  Gold Corporation was trading at a price of $.003 per share.

9       62.    On or about August 12, 2019, an online article was published that

10  questioned JUSTIN COSTELLO's statements concerning his educational history.  On

11  October 2, 2019, after GRN Holding Corporation's stock price had risen from $.003 per

12  share to approximately $1.14 per share, JUSTIN COSTELLO filed or caused to be filed

13  an amended Form 8-K purportedly to correct his prior statements concerning his

14  educational background.  The amended Form 8-K stated that JUSTIN COSTELLO was a

15  graduate of Winona State University with a degree in Public Administration who

16  attended Harvard University but did not graduate.  This statement was also misleading.

17  JUSTIN COSTELLO only took one course in Harvard's continuing education program.

18       63.    As part of his scheme and artifice to defraud and to fraudulently inflate the

19  share price of GRN Holding Corporation, JUSTIN COSTELLO made or caused to be

20  made several misrepresentations in press releases and filings with the U.S. Securities and

21  Exchange Commission concerning GRN Holding Corporation's potential acquisitions of

22  other companies, including Pacific Banking Corp.  JUSTIN COSTELLO's false

23  representations caused investors to believe that GRN Holding Corporation's assets and

24  revenue were going to increase after these purported acquisitions.

25       64.    On November 12, 2019, at JUSTIN COSTELLO's direction, GRN Holding

26  Corporation issued a press release stating that it had signed non-binding Letters of Intent

27

Indictment - 23
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   to acquire at least ten companies, including Pacific Banking Corp., subject to the

2   completion of due diligence and execution of material definitive agreements.  The press

3   release also stated that the acquisitions would "reflect a material change to the company's

4   business plans and will result in the acquisition of a significant amount of assets."

5   JUSTIN COSTELLO also included or caused to be included this information in GRN

6   Holding Corporation's Form 10-Q filed with the U.S. Securities and Exchange

7   Commission on December 23, 2019.  Throughout January and February 2020, at JUSTIN

8   COSTELLO's direction, GRN Holding Corporation issued ten press releases announcing

9   the completion of due diligence for each company.

10       65.     For example, on or about February 24, 2020, GRN Holding Corporation

11  issued a press release announcing that it had "completed its due diligence in connection

12  with the acquisition of Pacific Banking Corp."  In the press release, GRN Holding

13  Corporation described Pacific Banking Corp.'s services as meeting "the highest standards

14  of compliance according to BSA and FinCEN requirements" and that the "PBC

15  Compliance Program performs a full audit and compliance assessment of legacy cash and

16  monitors and evaluates daily transactions."  In fact, as set forth above, at the time of the

17  issuance of this press release, Pacific Banking Corp., operating through JUSTIN

18  COSTELLO, was actively defrauding at least two marijuana businesses.

19       66.     Beginning in July 2020, at JUSTIN COSTELLO's direction, GRN Holding

20  Corporation began announcing binding Letters of Intent to acquire the same companies.

21  In a Form 10-K filed with the U.S. Securities and Exchange Commission on August 13,

22  2020, GRN Holding Corporation stated that it was closing on Letters of Intent with the

23  companies subject to the execution of material definitive agreements.

24       67.     GRN Holding Corporation never completed the acquisitions of the

25  companies, even though JUSTIN COSTELLO was an affiliate, shareholder, owner, or

26  manager of each company.  Most of the companies were instead acquired in early 2021

27

Indictment - 24
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  by Renewal Fuels Inc., another OTC-traded company controlled by JUSTIN

2  COSTELLO.  Contrary to JUSTIN COSTELLO's representations to investors, the

3  companies had little or no revenue or assets.

4      68.    Between July 1, 2019, and May 18, 2021, over 7,500 investors purchased

5  and sold GRN Holding Corporation stock while JUSTIN COSTELLO was making, and

6  causing to be made, the material misrepresentations concerning GRN Holding

7  Corporation set forth above.  Collectively, these investors lost approximately $25 million.

8  ***Hempstract Inc.***

9      69.    As part of his scheme and artifice to defraud, JUSTIN COSTELLO

10  fabricated Hempstract, LLC's assets to: (1) mislead investors; (2) inflate the value of

11  Riverdale Oil & Gas Corp. securities; and (3) obtain shares of Riverdale Oil & Gas Corp.

12      70.    On April 28, 2020, Riverdale Oil & Gas Corp. announced a non-binding

13  Letter of Intent to acquire the assets of Hempstract, LLC.  On August 6, 2020, Riverdale

14  Oil & Gas Corp. announced that it had acquired all the assets of Hempstract, LLC.

15  JUSTIN COSTELLO received approximately 24 million shares of Riverdale Oil & Gas

16  Corp. in exchange for Hempstract, LLC's assets, valued at approximately $11 million

17  dollars according to Riverdale Oil & Gas Corp.'s disclosure statements.  The assets

18  included 3,125 kilograms of CBD Isolate, valued at approximately $10.7 million dollars.

19  In fact, Hempstract, LLC did not have $10.7 million in assets at the time of the merger.

20  **III.**    **EXECUTION OF THE SCHEME TO DEFRAUD**

21      71.    On or about the dates set forth below, at Seattle and elsewhere, in the

22  Western District of Washington, JUSTIN COSTELLO, for the purpose of executing the

23  scheme and artifice described in paragraphs 41 through 71 above, caused to be

24  transmitted by means of wire communication in interstate and foreign commerce the

25  signals and sounds described below, with each transmission constituting a separate Count

26  of this Indictment:

27

Indictment - 25
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Count | Date | Wire Communication |
|-------|------|--------------------|
| 9 | July 15, 2019 | Wire from the State of Washington to another State caused by the deposit of a check in the amount of $250,000 from investors J.M. and B.M. into a GRN Holding Corporation account at O Bee Credit Union |
| 10 | July 15, 2019 | Wire from the State of Washington to another State caused by the transfer of funds in the amount of $4,000,000 from investors J.M. and B.M.'s account at Bank of America into their T.D. Ameritrade account |
| 11 | July 23, 2019 | Wire from the State of Washington to another State caused by the deposit of cashier's check in the amount of $1,800,000 from investors J.M. and B.M. into a GRN Funds LLC account at O Bee Credit Union |
| 12 | August 1, 2019 | Wire from the State of Washington to another State caused by the deposit of a check in the amount of $75,000 from investor R.B. into a GRN Holding Corporation account at O Bee Credit Union |
| 13 | October 14, 2019 | Email from JUSTIN COSTELLO from the State of Washington using email address jcostello@grnfunds.com to investor D.W. in another State and to J.W.'s Gmail address, via Google's servers in another State |
| 14 | November 12, 2019 | Wire from the State of Washington to another State caused by the deposit of a check in the amount of $50,000 from investor R.D. into a GRN Holding |

Indictment - 26
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | Corporation account at O Bee Credit Union |
|---|---|---|
| 15 | November 22, 2019 | Wire from the State of Washington to another State caused by the deposit of a check in the amount of $125,000 from investor S.T. into an account in the name of JUSTIN COSTELLO at JP Morgan Chase Corp. |
| 16 | March 17, 2020 | Wire from the State of Washington to another State caused by the deposit of a check in the amount of $20,000 from investors D.D. and T.D. into a Hempstract, LLC bank account at Timberland Bank |
| 17 | March 26, 2020 | Wire from the State of Washington to another State caused by the deposit of a check in the amount of $15,000 from investors A.H. and K.H. into a Hempstract, LLC bank account at Timberland Bank |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 18
### (Securities Fraud)

72. The allegations set forth in Paragraphs 1 through 38 and 40 through 70 of this Indictment are re-alleged and incorporated as if fully set forth herein.

73. Beginning in or about May 2019 and continuing through in or about May 2021, in King County, within the Western District of Washington, and elsewhere, the defendant, JUSTIN COSTELLO, knowingly and willfully, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, and aided and abetted others known and unknown to the grand jury, and attempted to do so by:

Indictment - 27
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   (a) employing devices, schemes, and artifices to defraud; (b) making, and causing others

2   to make, untrue statements of material facts and omitting to state material facts necessary

3   in order to make other statements made, in light of the circumstances in which they were

4   made, not misleading; and (c) engaging in acts, practices, and courses of business which

5   operated and would operate as a fraud and deceit upon persons – that is, by defrauding

6   purchasers and sellers of the securities of GRN Holding Corporation through making and

7   causing to be made statements that contained material misrepresentations and omissions

8   about JUSTIN COSTELLO's educational and professional background and concerning

9   GRN Holding Corporation's acquisition of other companies, including companies owned

10  and controlled by JUSTIN COSTELLO.

11      All in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title

12  17, Code of Federal Regulations, 240.10b-5.

13              **COUNT 19**
14              **(Securities Fraud)**

15      74.     The allegations set forth in Paragraphs 1 through 38 and 40 through 70 of

16  this Indictment are re-alleged and incorporated as if fully set forth herein.

17      75.     Beginning in or about May 2019 and continuing through in or about May

18  2021, in King County, within the Western District of Washington, and elsewhere, the

19  defendant, JUSTIN COSTELLO, knowingly and willfully, directly and indirectly, by use

20  of the means and instrumentalities of interstate commerce, the mails, and the facilities of

21  national securities exchanges, in connection with the purchase and sale of securities, did

22  use and employ manipulative and deceptive devices and contrivances, and aided and

23  abetted others known and unknown to the grand jury, and attempted to do so by:

24  (a) employing devices, schemes, and artifices to defraud; (b) making, and causing others

25  to make, untrue statements of material facts and omitting to state material facts necessary

26  in order to make other statements made, in light of the circumstances in which they were

27  made, not misleading; and (c) engaging in acts, practices, and courses of business which

Indictment - 28
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    operated and would operate as a fraud and deceit upon persons – that is, by defrauding

2    purchasers and sellers of the securities of Hempstract Inc. by making and causing to be

3    made statements that contained material misrepresentations and omissions about JUSTIN

4    COSTELLO's educational and professional background and by making material

5    misrepresentations about the value of Hempstract, LLC's assets.

6           All in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title

7    17, Code of Federal Regulations, 240.10b-5.

8                                    **COUNT 20**
9                                  **(Securities Fraud)**

10          76.     The allegations set forth in Paragraphs 1 through 38 and 40 through 70 of

11   this Indictment are re-alleged and incorporated as if fully set forth herein.

12          77.     Beginning in or about October 2019 and continuing through in or about

13   January 2021, in King County, within the Western District of Washington, and

14   elsewhere, the defendant, JUSTIN COSTELLO, knowingly and willfully, directly and

15   indirectly, by use of the means and instrumentalities of interstate commerce, the mails,

16   and the facilities of national securities exchanges, in connection with the purchase and

17   sale of securities, did use and employ manipulative and deceptive devices and

18   contrivances in contravention of Title 17, Code of Federal Regulations, Section 240.10b-

19   5, by: (a) employing devices, schemes, and artifices to defraud; (b) making, and causing

20   others to make, untrue statements of material facts and omitting to state material facts

21   necessary in order to make other statements made, in light of the circumstances in which

22   they were made, not misleading; and (c) engaging in acts, practices, and courses of

23   business which operated and would operate as a fraud and deceit upon persons – that is,

24   JUSTIN COSTELLO retained and paid another individual to use Twitter to engage in a

25   fraudulent pump-and-dump scheme through which JUSTIN COSTELLO misrepresented

26   the nature of his personal financial stake in Foothills Exploration Inc.; REMSleep

27   Holdings, Inc.; Clancy Systems International Inc.; and Riverdale Oil and Gas

Indictment - 29
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Corporation/Hempstract Inc., and misrepresented and caused to be misrepresented facts about the companies which issued the stock in order to induce others to purchase those stocks, and thereby drive up the stocks' prices, while JUSTIN COSTELLO simultaneously and secretly sold, or dumped, his previously acquired shares at those artificially inflated prices.

78.     Beginning in October 2019, JUSTIN COSTELLO conducted a series of manipulative pump-and-dump schemes involving the securities of at least four issuers, including Foothills Exploration Inc., REMSleep Holdings, Inc., Clancy Systems International Inc, and Riverdale Oil and Gas Corporation/Hempstract Inc. To conduct his pump-and-dump schemes, JUSTIN COSTELLO enlisted the services of a prolific Twitter user with the initials D.F.

79.     On December 9, 2019, JUSTIN COSTELLO sent direct messages to D.F. on Twitter about splitting the profits after pumping Foothills Exploration Inc. (ticker symbol FTXP), and they agreed on a 70%-30% split.  That day, JUSTIN COSTELLO began purchasing shares of FTXP.  Also on December 9, 2019, JUSTIN COSTELLO sent D.F. a direct message on Twitter and told D.F. that he was going to try and grab another million shares early the next morning and instructed D.F. to "…maybe wait till 10am EST [on December 10th] to push go."  JUSTIN COSTELLO purchased a total of 7,699,053 shares of FTXP in his brokerage account on December 9, 2019.

80.     At 9:41 a.m. EST on December 10, 2019, JUSTIN COSTELLO sent D.F. a direct message on Twitter directing D.F. to tout FTXP's "large reserves."  After D.F. informed JUSTIN COSTELLO that the stock was "running" and asked JUSTIN COSTELLO if he still wanted to wait until 10 a.m., JUSTIN COSTELLO directed D.F. to begin tweeting about the stock at 9:42 a.m. EST.  D.F. complied with JUSTIN COSTELLO's direction, and began tweeting about FTXP at 9:44 a.m. EST.  D.F.'s first tweet identifying FTXP claimed that FTXP had "hit the motherlode!" and found a "Huge

Indictment - 30
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  reserve." On December 10, 2019, D.F. posted approximately 90 tweets about FTXP from

2  his Twitter account. After D.F. began tweeting about FTXP on December 10, 2019, the

3  price of FTXP price rose from the closing price on December 9, 2019, of $.007 to a

4  closing price on December 10, 2019, of $.0273 – an increase of almost 400 percent. On

5  December 10, 2019, after D.F. began tweeting about FTXP at JUSTIN COSTELLO's

6  direction, JUSTIN COSTELLO sold 5,950,000 shares of FTXP at artificially inflated

7  prices. On the evening of December 10, 2019, at 7:39 p.m. EST, JUSTIN COSTELLO

8  instructed D.F. to post a picture of JUSTIN COSTELLO on a private plane reading a

9  Wall Street Journal and "…say yes its true JC is in this stock" to continue to pump the

10  price of FTXP shares. D.F. followed JUSTIN COSTELLO's direction and posted the

11  picture. On December 11, 12, and 13, 2019, JUSTIN COSTELLO sold his remaining

12  shares at artificially inflated prices. JUSTIN COSTELLO realized a total profit of

13  approximately $113,112 in his pump-and-dump of FTXP shares.

14        81.    In exchange for pumping FTXP on Twitter, on January 3, 2020, JUSTIN

15  COSTELLO caused a $23,520 wire to be sent to D.F. from a GRN Funds, LLC bank

16  account at Bank of America.

17        82.    On December 13, 2019, JUSTIN COSTELLO began purchasing REMSleep

18  Holdings, Inc. (ticker symbol RMSL). On December 16, 2019, JUSTIN COSTELLO

19  sent D.F. the following direct message on Twitter: "RMSL. In for 4 mil total." JUSTIN

20  COSTELLO also told D.F. that he purchased the shares for an average of approximately

21  $.015. At 11:25 a.m. EST, JUSTIN COSTELLO directed D.F. to "keep me out of the

22  [sic] name wise." At JUSTIN COSTELLO's direction, D.F. began publicly tweeting

23  about RMSL on December 16, 2019, at 12 p.m. EST, posting approximately 97 tweets

24  mentioning RMSL from his Twitter account. After D.F. began promoting RMSL on

25  Twitter, RMSL's stock price rose to a high price of $.037 on December 16, 2019.

26

27

Indictment - 31
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

JUSTIN COSTELLO sold all his RMSL shares between December 16 and December 18, 2019, at artificially inflated prices for a profit of approximately $64,284.

83. In exchange for pumping RMSL on Twitter, on or about May 22, 2020, JUSTIN COSTELLO caused a $9,100.08 check to be issued to D.F. from a GRN Funds LLC bank account at Sound Credit Union.

84. On October 3, 2019, JUSTIN COSTELLO began purchasing Clancy Systems International Inc. (ticker symbol CLSI). On October 7, 2019, D.F. publicly tweeted, "$CLSI Prime to $.20" and "Sidebet $CLSI looks prime." After D.F.'s tweets, JUSTIN COSTELLO sold his remaining CLSI shares on October 7 and October 8, 2019, realizing a profit of approximately $13,598.

85. On December 30, 2019, JUSTIN COSTELLO once again began to accumulate CLSI shares. On February 7, 2020, JUSTIN COSTELLO sent a tweet to D.F., "Took a large position in CL [CLSI] 2 mil today if you want to run it." JUSTIN COSTELLO told D.F., "I have 2,000,100 shares avg around .021." D.F. responded that he would start on CLSI, and he sent out a public tweet, "$CLSI Looks like a good bet big time." D.F. continued to publicly tweet about CLSI until JUSTIN COSTELLO sold his remaining CLSI shares on February 19, 2020. JUSTIN COSTELLO realized a profit of approximately $29,554 for his pump-and-dump of CLSI shares.

86. On February 15, 2020, JUSTIN COSTELLO informed another individual with the initials A.B. via private Facebook messages that he was buying Riverdale Oil & Gas Corp., and he intended to use it to acquire Hempstract, LLC. JUSTIN COSTELLO instructed A.B. to obtain a moderator position for RVDO on a public stock message board. JUSTIN COSTELLO did this to control the messaging about RVDO and to create a demand for its stock.

Indictment - 32
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

87.     JUSTIN COSTELLO also urged investors J.W., D.W., S.T., A.F., and R.B. to purchase shares of RVDO in their brokerage accounts to create demand for RVDO stock and increase its share price so that JUSTIN COSTELLO could profit.

88.     JUSTIN COSTELLO began purchasing RVDO shares on January 31, 2020, and by March 3, 2020, JUSTIN COSTELLO had accumulated approximately 2.1 million shares of RVDO at an average price of approximately $.05 per share.  At JUSTIN COSTELLO'S direction, D.F. began tweeting about RVDO on April 28, 2020, sending out approximately 35 public tweets that day regarding the company.  On April 30, 2020, JUSTIN COSTELLO sent D.F. a message using the Signal app directing D.F. to "punch RV [RVDO] heavy."  D.F. tweeted almost every single day in May and June 2020, and by the end of June 2020, RVDO had reached a high price of almost $2.00 per share, from a price of about $.30 a share at the end of April 2020.

89.     After D.F. began tweeting about RVDO, JUSTIN COSTELLO sold 844,923 shares of RVDO between May 21, 2020, and June 8, 2020, at an average price of approximately $.41 per share.  In January 2021, JUSTIN COSTELLO sold a further 72,197 shares of RVDO (now HPST) at an average price of $.61 per share.  JUSTIN COSTELLO made a total profit on these sales of approximately $355,928.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, 240.10b-5.

## COUNTS 21 to 25
### (Wire Fraud)

90.     The allegations set forth in Paragraphs 1 through 38, 40 through 70, and 77 through 89 of this Indictment are re-alleged and incorporated as if fully set forth herein.

91.     Beginning in or about October 2019 and continuing through in or about January 2021, in King County, within the Western District of Washington, and elsewhere, the defendant, JUSTIN COSTELLO, knowingly devised and intended to devise a scheme and artifice to defraud investors in the securities of Foothills Exploration

Indictment - 33
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Inc., REMSleep Holdings, Inc., Clancy Systems International Inc, and Riverdale Oil and Gas Corporation/Hempstract Inc., and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### I. THE OBJECT OF THE SCHEME TO DEFRAUD

92. The object of JUSTIN COSTELLO's scheme and artifice to defraud was to obtain money by purchasing shares of publicly-traded companies and mislead purchasers of those shares by means of materially false and fraudulent pretenses, representations, and promises, including by causing D.F. to post false and fraudulent tweets on Twitter.

### II. MANNER AND MEANS

93. The manner and means of JUSTIN COSTELLO's scheme to defraud are set forth in paragraphs 77 through 89 of this Indictment.

### III. EXECUTION OF THE SCHEME TO DEFRAUD

94. On or about each of the dates set forth below, in Seattle, in the Western District of Washington and elsewhere, defendant JUSTIN COSTELLO, for the purpose of executing the scheme and artifice described in paragraphs 77 through 89 above, caused to be transmitted by means of wire communication in interstate and foreign commerce the signals and sounds described below, with each transmission constituting a separate Count of this Indictment:

| Count | Date | Wire Communication |
|---|---|---|
| 21 | December 9, 2019 | Wire communication on Twitter from JUSTIN COSTELLO in the State of Washington to D.F. in another State offering to split the profits on the pump-and-dump of FTXP |
| 22 | December 10, 2019 | Wire communication on Twitter from JUSTIN COSTELLO in the State of Washington to D.F. in another State directing D.F. to tout FTXP's "Large reserves" |

Indictment - 34
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | |
|---|---|---|
| 23 | December 16, 2019 | Wire communication on Twitter from JUSTIN COSTELLO in the State of Washington to D.F. in another State directing D.F. to keep JUSTIN COSTELLO's name out of the public while touting RMSL |
| 24 | January 3, 2020 | $23,520 wire transfer from GRN Funds LLC bank account at Bank of America in Washington to D.F.'s bank account at Wells Fargo Bank in the State of Virginia |
| 25 | May 26, 2020 | Wire from the State of Washington to another State caused by the issuance of an electronic check payable to D.F. in the amount of $9,100.08 from a GRN Funds LLC bank account at Sound Credit Union |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**FORFEITURE ALLEGATION**

95.    The allegations set forth in Paragraphs 1 through 94 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture.  Upon conviction of any of the offenses alleged in Counts 1 through 25, JUSTIN COSTELLO shall forfeit to the United States any property constituting, or derived from, proceeds Defendant obtained directly or directly, as a result of such offense.  All such property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) and includes, but is not limited to, a sum of money reflecting the proceeds the Defendant obtained as result of the offense.

Indictment - 35
*United States v. Costello*
USAO No. 2019R00959

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

96.     **Substitute Assets.** If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or,

e.     has been commingled with other property which cannot be divided without difficulty,

//
//
//
//

Indictment - 36
*United States v. Costello*
USAO No. 2019R00959

1  it is the intent of the United States to seek the forfeiture of any other property of the

2  defendant, up to the value of the above-described forfeitable property, pursuant to

3  Title 21, United States Code, Section 853(p).

4

5                                    A TRUE BILL:

6

7                              DATED: 9/28/2022

8                                    *Signature of Foreperson redacted pursuant*

9                                    *to the policy of the Judicial Conference of*
                                     *the United States.*

10  _____

11                                    FOREPERSON

12

13  _____

14  NICHOLAS W. BROWN
    United States Attorney

15

16  _____

17  ANDREW FRIEDMAN
    Assistant United States Attorney

18

19  _____

20  JUSTIN W. ARNOLD
    Assistant United States Attorney

21

22  _____

23  MICHAEL DION
    Assistant United States Attorney

24

25

26

27

Indictment - 37                                    UNITED STATES ATTORNEY
*United States v. Costello*                         700 STEWART STREET, SUITE 5220
USAO No. 2019R00959                                SEATTLE, WASHINGTON 98101
                                                   (206) 553-7970

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Alameda, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 70 Washington Street, Suite 303, Oakland, California 94607.

On September 30, 2022, I served the foregoing documents described as **NOTICE OF NEW INFORMATION RELEVANT TO OSC HEARING** to counsel for Defendants, as follows:

Stephen M. Lobbin
SML Avvocati P.C.
888 Prospect Street
Suite 200
San Diego, CA 92037
sml@smlavvocati.com

___ (BY MAIL) I deposited such envelope in the mail at Oakland, California.  The envelope mailed with postage thereon fully prepaid.

___ (BY MAIL) I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Oakland, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date od deposit for mailing in affidavit.

_X_ (BY ELECTRONIC TRANSMISSION) I transmitted a PDF version of this document by electronic mail to the party identified on the attached service list using the email address indicated:

___ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

X (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on September 30, 2022, at Oakland, California.

Steven M. Selna