Stephen M. Lobbin (CA Bar No. 181195)
sml@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

Counsel for Defendants

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CCSAC, INC., et al.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>PACIFIC BANKING CORP., et al.,<br><br>          Defendants. | Case No. 3:20-cv-02102-JD<br><br>**Reply in Support of Defendants' Renewed Motion to Stay Action and Related Motion to Shorten Time (ECF Nos. 160-161)**<br><br>Honorable James Donato |

Now that Defendant Justin Costello—who is Defendants' only principal and their key witness in this action—has been indicted and is in federal custody for an indeterminate period of time, it is obvious this action promptly should be stayed, which Defendants demonstrated in their Renewed Motion to Stay and Motion to Shorten Time. *See* ECF Nos. 160-161; *see also United States v. Justin Costello*, Case No. 2:22-cr-00160-RSM (W.D. Wash.); *United States v. Justin Costello*, Case No. 3:22-mj-03667-DEB (S.D. Cal.).

Opposing a stay, Plaintiffs first argue that this Court already has determined that sanctions against Defendants are warranted. Not so. This Court merely invited Plaintiffs to file two separate motions, addressing written discovery responses and

deposition testimony, and directed Defendants "to file a response [to the motions] by October 20, 2022." ECF No. 148 at 1. If a stay is not yet in place, Defendants will do so next week, and in their response Defendants will explain why no sanctions are justified (particularly as against the undersigned counsel), and certainly no "terminating sanctions," as Plaintiffs have repeatedly suggested.

Second, Plaintiffs argue that no stay is appropriate "before ruling on Plaintiffs' pending motions and [conducting] the OSC hearing." But Mr. Costello is in federal custody in San Diego for at least another week (*see* Ex. A at 3, herewith), and as such he is not free to travel to San Francisco for this Court's OSC hearing scheduled for October 18, 2022. If no stay is put in place, only the undersigned counsel would be able to appear in this Court for the OSC hearing, the entire purpose of which is this Court's "expect[ation] that ***defendant Justin Costello*** will be prepared to testify on the compliance measures defendants undertook." ECF No. 157 at 2 (emphasis added).[1] Further, because of Mr. Costello's extant custody and unavailability, Defendants are limited in their ability of to prepare and file (by October 20, 2022) appropriately fulsome oppositions to the discovery motions. Again, because Mr. Costello is Defendants' only percipient witness to the substance of the matters at issue (including discovery matters), the undersigned counsel requires Mr. Costello's full participation in preparing Defendants' responses to the pending motions, which will include an appropriate declaration from Mr. Costello.

---

[1] Despite this Court's specific order that Mr. Costello appear on October 18, Plaintiffs falsely assert "[t]here is also no requirement that Costello personally attend the OSC hearing, which can and should be handled by the lawyer who prepared his declaration." A second falsity is that the undersigned counsel "prepared [Mr. Costello's] declaration." It is Mr. Costello's declaration, not one stating any personal knowledge of the undersigned counsel, which (of course) does not exist. The undersigned counsel is just that—*i.e.*, counsel—not a percipient witness to the matters stated in the Costello Declaration concerning the status of the funds at issue.

Without a stay of this action, Defendants (including counsel) would be unduly prejudiced in their continued litigation of this civil action.

Third, Plaintiffs argue generally that a stay would "undermine this Court's authority to enforce its orders and be a grave disservice to the interests of justice." This certainly is not the case, because the entire point of this Court's OSC hearing and invitation for Plaintiffs' discovery motions is to hear meaningfully from the parties—both sides—before ruling on any sanctions or contempt issues. If Defendants' only key witness is unavailable to appear in this Court or assist in opposing the sanctions motions, that would be the only extant "disservice to the interests of justice."

Fourth, Plaintiffs present a knowingly false argument that "the only issue before the Court is the appropriate sanction for Defendants' behavior." There has been no finding of sanctionable behavior, or contempt, as this Court's prior orders make plain. *See* ECF No. 148 at 1 ("The parties are advised that sanctions will likely be entered ***if the proceedings ordered below warrant that***.") (emphasis added); ECF No. 157 (noting only "serious concerns that defendants have not complied with the preliminary injunction order" and ordering testimony from "defendant Justin Costello . . . on the compliance measures defendants undertook"). In the arena of false representations to this Court, it is Plaintiffs and their counsel who should be sanctioned for falsely representing that "the only issue . . . is the appropriate sanction."

Fifth, Plaintiffs argue that Mr. Costello's fifth amendment privilege against self-incrimination is "not implicated by the pending motions." This argument is preposterous given that Mr. Costello is now under federal indictment and in federal custody. Any compelled speech whatsoever implicates his fifth amendment privilege against self-incrimination, particularly in this Court concerning his prior statements under oath, and his actions to comply with this Court's 2020 preliminary injunction order. His fifth amendment privilege has not been waived; to the

contrary, the fifth amendment privilege is considered on a question-by-question basis, not subject to any unintentional, generalized waiver. *See United States v. Shayota*, No. 15-264, at *5 (N.D. Cal. Oct. 21, 2016) ("Ordinarily, a district court must 'determine whether a witness will invoke his Fifth Amendment privilege in response to *specific questions*.'") (quoting *United States v. Klinger*, 128 F.3d 705, 709 (9th Cir. 1997)).

    For each of the foregoing reasons, this Court promptly should stay this action, pending the completion of the related criminal proceedings.

Dated: October 14, 2022    Respectfully submitted,

SML Avvocati P.C.

/s/ Stephen M. Lobbin

<u>PROOF OF SERVICE</u>

I hereby certify that on October 14, 2022, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

Dated:  October 14, 2022                 /s/ Stephen M. Lobbin