Stephen M. Lobbin (CA Bar No. 181195)
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
E: sml@smlavvocati.com
T: 949.636.1391

Counsel for Defendants

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CCSAC, INC., et al.,<br><br>                Plaintiffs,<br><br>        vs.<br><br>PACIFIC BANKING CORP., et al.,<br><br>                Defendants. | Case No. 3:20-cv-02102-JD<br><br>**Response To Plaintiffs' Proposed Order Re Discovery Sanctions**<br><br>Honorable James Donato |

The undersigned counsel for Defendants responds hereby concerning this Court's November 15, 2022 Order staying this action, and otherwise ordering as follows:

The parties are directed to meet and confer about fee shifting for the discovery disputes, and to file a joint notice of the results.  If an agreement is not reached, CCSAC is directed to file a proposed order

for sanctions along the lines discussed at the hearing, which defendants
may respond to within 14 days of its filing.

ECF No. 173 ("The case is otherwise stayed . . . .").[1]

### Plaintiffs' Counsel Failed To Meet And Confer In Good Faith

Rather than meeting and conferring in good faith, however, after participating in only one telephone call, counsel for Plaintiffs refused to respond substantively to the undersigned counsel's written offer to resolve the discovery fee-shifting issue for a prompt payment of $15,000, which is the most the undersigned counsel reasonably could afford to pay.[2]  Counsel for Plaintiffs also refused the undersigned counsel's invitation to resolve the fee-shifting issue via this Court's well-recognized ADR Program.  As the undersigned counsel explained:

> [W]e wish to explore every opportunity to resolve the fee-shifting issue in view of Judge Donato's clear preference that we come to reasonable terms **without further need for Court involvement**.  To reiterate our offer of settlement of the fee-shifting dispute, which is based on our view of the underlying circumstances as well as our limited ability to pay, **we are prepared to settle the matter for a prompt payment of $15,000**.  During our discussion, **you did not counter our offer with any specific amount**.  We invite you to do so, particularly in view of the Ninth Circuit's guidance including that "Rule 37 sanctions

---

[1] In their proposed order, Plaintiffs propose "joint and several" sanctions against defense counsel and the party-Defendants, which would be improper because of the stay.  Therefore, Plaintiffs' action against the party-Defendants already has been stayed for over a month, so the party-Defendants should not be included in any sanctions order.

[2] The undersigned counsel has his own small firm, has not been paid well over $75,000 in fees due from his own clients (the party-Defendants), and has a wife and two school-age children at home, all of whom are dependent financially on the undersigned counsel.  *See* Lobbin Decl. ¶ 3 (submitted herewith).

are subject to certain limitations in that they must be just, . . . [such that] the severity of the sanction is warranted by the conduct involved." *See Nilsson, Robbins v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988) (citing *United States v. National Med. Enters., Inc.*, 792 F.2d 906, 910 (9th Cir. 1986)).

In addition, the Northern District generally also has a strong preference that disputes such as ours be resolved via ADR. *See, e.g.*, Civil L.R. 16-8(a) ("It is the policy of this Court to assist parties involved in civil litigation to resolve their disputes in a just, timely and cost-effective manner.  The Court has created and makes available its own Alternative Dispute Resolution (ADR) programs for which it has promulgated local rules."); ADR L.R. 1-2(a) ("The Court recognizes that full, formal litigation of claims can impose large economic burdens on parties and can delay resolution of disputes for considerable periods. . . . The Court offers diverse ADR services to enable parties to use the ADR process that promises to deliver the greatest benefits to their particular case.").  ***We propose exploring ADR options to resolve the present dispute in the most efficient manner possible***. Lobbin Decl. ¶ 4, Ex. A (emphasis added) ("If you are amenable, please sign and return the form enclosed herewith so that we may schedule and conduct an ADR Phone Conference with a member of the Court's ADR Program staff.  *See* ADR L.R. 2-3.").[3]

Instead of engaging with opposing counsel in good faith, counsel for Plaintiffs has made it clear that he wishes to press inappropriately his perceived

---

[3] Counsel for Defendants will soon file a motion requesting that this Court formally refer the discovery fee-shifting issue to this District's ADR Program, to explore a fair resolution that would not further burden this Court's time and resources.

1 | advantage in the current circumstances, taking the position that he would accept
2 | nothing less than the entirety of his purported $91,542.00 in billings he alleges has
3 | been incurred from September 24, 2021—two months before the undersigned
4 | counsel even appeared in this action (*see* ECF No. 99)—through the present day.
5 | *See* ECF No. 175 at 5-8.  Such an amount of sanctions against a lawyer alone is
6 | patently ridiculous on its face, and even more so in consideration of the
7 | circumstances of this action.  Such tactics also should not be rewarded by this Court.
8 | To the contrary, the bad faith of Plaintiffs' counsel should result in no fee shifting
9 | whatsoever against defense counsel, regardless of whether Defendants themselves
10 | ultimately face sanctions once the stay is lifted.

### **Plaintiffs' Letter To The Court Is Inaccurate And Improper**

Plaintiffs' recent letter with their proposed order reveals the many mistakes and flaws in their position.  *See* ECF No. 176.[4]  First, counsel for Plaintiffs advises that "the parties are unable to agree on cost-shifting for the written discovery disputes."  But the undersigned counsel did not, and does not, believe that Plaintiffs' counsel has met and conferred in good faith, as this Court ordered.  Plaintiffs' counsel never presented its position on a ***reasonable*** amount of "fee shifting for the discovery disputes," as this Court ordered.  The undersigned counsel offered a reasonable amount of fee shifting, but Plaintiffs' counsel never responded with any reasonable counter-proposal.  The order for counsel to "meet and confer" necessarily contemplates that there be reasonable proposals from both sides, and some back-and-forth.  Because Plaintiffs' counsel never followed this Court's

---

[4] At the outset, even the basic position that Plaintiffs "believe that defense counsel should be held personally accountable" was ***waived*** because no such argument appears in Plaintiffs' underlying sanctions motions.  *See* ECF Nos. 155, 158.  In their motions at issue, Plaintiffs requested sanctions against the party-Defendants only, not the undersigned defense counsel.  *See* ECF No. 168 at 10 n.8 ("Plaintiffs do not specifically request—and this Court should not consider—any sanctions against the undersigned counsel personally . . . .").

Order, at the very least this Court should consider the proposal herein to refer this issue to the Court's own ADR Program, so that a true "meet and confer" process may be followed under the supervision of this Court's ADR professionals, without requiring any more time and resources of this Court.

Second, this Court directed the parties to "file a joint notice of the results," which Plaintiffs' counsel violated by filing his own, unilateral notice. Third, counsel for Plaintiffs has submitted an unreasonable proposed order which is not "along the lines discussed at the hearing," which this Court's Order requires. See ECF No. 173. At the November 15, 2022 hearing, this Court suggested a reasonable amount much less—orders of magnitude less—than the $91,542.00 Plaintiffs propose now. For these reasons as well, this Court should specifically reject the statements and proposed order from Plaintiffs' counsel.

Third, Plaintiffs' counsel speculates wildly, without any foundation whatsoever, that the undersigned counsel "has been compensated . . . with the very funds misappropriated from our client." ECF No. 176. This is preposterous, for at least the reason that Plaintiffs' counsel has no knowledge of any compensation paid to the undersigned counsel. The wild speculation is further inappropriate because, in fact, the party-Defendants currently are in arrears to their undersigned counsel by more than $75,000 in unpaid fees and expenses. See Lobbin Decl. ¶ 7. As discussed at the most recent hearing with this Court, it is reasonable to presume—as the undersigned counsel does—that the criminal proceedings prompting the stay will result in no one being paid, and the undersigned counsel has no reason to expect any special, more favorable treatment.

### **Plaintiffs' Proposed Order Is Inaccurate And Improper**

In his proposed order, Plaintiffs' counsel proposes several unsupported conclusions about the conduct of the undersigned counsel which bear no nexus to the actual issue this Court indicated it was concerned about at the November 2022 hearing. The Court inquired concerning why it took so long for Defendants to

explain the "location of the funds" at issue. *See* ECF Nos. 148, 151. As discussed at the hearing, the reason was that the undersigned counsel was unable to persuade and convince his clients to provide the information recited in the Costello Declaration (*see* ECF No. 151) until this Court issued its specific order requiring that information. *See* ECF No. 148. Before that time, the ongoing criminal investigation caused trepidation which compromised counsel's ability to secure complete information from Defendants. *See* Lobbin Decl. ¶ 8. The Court inquired why the undersigned counsel did not seek to withdraw from this action, which is a fair inquiry. The undersigned counsel had been referred to the Defendants by a trusted person, however, and believed at the time that (a) the Court likely would not find grounds for granting leave to withdraw, (b) the individual Defendant could not adequately represent himself *pro se*, (c) Defendants had no other qualified counsel available, and (d) Defendants would be prejudiced by a withdrawal. *See* Lobbin Decl. ¶ 9.

Contrary to the statements in Plaintiffs' proposed order, the undersigned counsel did not prepare "intentionally evasive written discovery responses;" rather, the written discovery responses provided all responsive information the undersigned counsel was able to secure at the time from Defendants. *See* Lobbin Decl. ¶ 10. In particular, the principal issue discussed with this Court was a response to one interrogatory (relating to 74 admission requests), which exceeded the 25 allowable interrogatories and exceeded the requirement in Rule 36 concerning denied admission requests. *See* Fed. R. Civ. P. 33(a)(1) ("no more than 25 written interrogatories"); Fed. R. Civ. P. 36(a)(4) (requiring a simple "denied" or "why the answering party cannot truthfully admit or deny it").

The undersigned counsel also did not "ignore[] the Court's written discovery orders." *See* Lobbin Decl. ¶ 11. The orders at issue directed Defendants to "file a substantive response to plaintiffs' discovery letter," which counsel did. *See* ECF No. 131, 134, 144, 145. Counsel did not prepare "sham, misleading declarations for

Defendant Costello's signature."  The facts stated in all declarations were represented by Defendants to counsel as accurate and truthful, and the undersigned counsel has no personal knowledge of the underlying events stated in the declarations.  The role of counsel in this action was that of questioning the clients about the relevant underlying facts, and marshaling the facts for appropriate presentation to the Court.  *See* Lobbin Decl. ¶ 12; ECF No. 166 at 2 n.1 ("The undersigned counsel is just that—*i.e.*, counsel—not a percipient witness to the matters stated in the Costello Declaration concerning the status of the funds at issue."); ECF No. 168 at 3 n.3 ("[W]hile counsel (of course) was involved with writing and filing the declaration, ***counsel has no personal knowledge concerning the underlying facts stated in the declaration***, and counsel is not otherwise a witness in this action.") (emphasis in original).

### Any Sanctions Against Counsel Should Be Limited In Scope

The undersigned counsel did not even appear in this action until November 2021.  *See* ECF No. 99.  Thereafter, Defendants responded substantively to all written discovery, and supplemented their responses on April 25, 2022.  Indeed, in April 2022 the parties resolved all discovery disputes by stipulation, which this court entered as an order on April 11, 2022.  *See* ECF No. 125.  Therefore, no charges before May 2022 should be included in any fee shifting.

According to the billing records presented by Plaintiffs' counsel, the charges from May 2022 to present total $71,168.25.  *See* ECF No. 175 at 6-8.[5]  But many of the charges presented include facially excessive time entries indicating "block billing" and "padded" entries, and/or items and tasks unrelated to the discovery at issue.  For example, the entries include over 12 hours of time on June 14-15 to prepare a 3-page discovery letter to the Court.  *See* ECF No. 130.  On July 19-20,

---

[5] Plaintiff provides no confirmation under oath that they actually incurred and paid the fees presented.

there is another 6.6 hours spent preparing a letter of little more than a page. *See* ECF No. 135. On August 15-16, there is another 8.3 hours for a two-page letter. *See* ECF No. 146. Each of the foregoing letters regurgitated much the same content. For the discovery hearing held on September 8, 2022, Plaintiffs' counsel claims over 23 hours. For the subsequent 16-page sanctions motions, much of which consisted of cutting and pasting from prior letters and other documents, the time exceeds 30 hours just for the moving briefs. *See* ECF Nos. 155, 158. After completing the briefing, there is another 28.9 hours in November just related to the Court's November 15, 2022 hearing. All of these charges, even if they were verified to be billed and paid, are excessive. *See, e.g., Ortiz v. Eskina 214 Corp.*, No. 21-1537, at *3 (S.D.N.Y. Oct. 24, 2022) (for 9-page discovery motion, "No more than two hours of associate time was warranted, and no more than a half hour of partner time should have been incurred on the motion."); *Smith v. Barrow Neurological Inst.*, No. 10-1632, at *5-6 (D. Ariz. May 28, 2013) ("fees in the amount of $23,080.00 are excessive" for discovery sanctions motion).

Based on the foregoing, the reasonable charges allegedly incurred by Plaintiffs with a particular nexus to the Court's concerns about discovery should not exceed half of the amount Plaintiffs claim, or about $35,000. For purposes of the issue at hand concerning sanctions against the undersigned counsel specifically as opposed to the party-Defendants, any such sanctions should be limited to the $15,000 the undersigned counsel already has presented in an offer to resolve this matter, which would close this action altogether (subject to the Court's stay order).

## Conclusion And Request

For each of the foregoing reasons, the undersigned counsel respectfully submits that no discovery sanctions are warranted against defense counsel specifically. If so, the undersigned counsel respectfully requests that this Court refer the matter of an amount of sanctions for proceedings aided by this Court's ADR

Program, or that any such sanctions against counsel specifically should be limited to no more than $15,000.

Dated: December 27, 2022                    Respectfully submitted,

                                            **SML Avvocati P.C.**

                                            */s/ Stephen M. Lobbin*

1

2

## **PROOF OF SERVICE**

3

4        I hereby certify that on December 27, 2022, I electronically transmitted the

5    foregoing document using the CM/ECF system for filing, which will transmit the

6    document electronically to all registered participants as identified on the Notice of

7    Electronic Filing, and paper copies have been served on those indicated as non-

8    registered participants.

9

10

11       Dated:  December 27, 2022              /s/ Stephen M. Lobbin

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28