SELNA PARTNERS LLP
70 Washington Street, Suite 303
Oakland, California 94607
Telephone: (510) 336-8974
Steven M. Selna (Bar No. 133409)
Robert W. Selna (Bar No. 230385)
Email: steven@selnapartners.com
Email: robert@selnapartners.com

Attorneys for Plaintiffs CCSAC, INC., a California corporation and CANN DISTRIBUTORS, INC., a California corporation

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| CCSAC, INC., a California corporation and CANN DISTRIBUTORS, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC BANKING CORP., a Washington corporation, JUSTIN COSTELLO, an individual and GRN FUNDS, LLC, a Washington limited liability company,<br><br>Defendants. | Case No. 3:20-cv02102-JD<br><br>**PLAINTIFFS' MOTION TO LIFT STAY; [PROPOSED] ORDER**<br><br>Date: March 9, 2023<br>Time: 10:00 a.m.<br>Courtroom: 11<br>Judge: The Hon. James Donato |

Plaintiffs CCSAC, INC., and CANN DISTRIBUTORS, INC., ("Plaintiffs") hereby respectfully move this Court to lift the stay imposed by its order of November 15, 2022, (Dkt. No. 173) and issue a ruling on Plaintiffs' pending Motion for Terminating Sanctions (Dkt. No. 155), as follows:

## I.     INTRODUCTION

On January 24, 2023, Plaintiffs filed a Notice of Plea Agreement (Dkt. No. 182), advising this Court that Defendant Justin Costello had pleaded guilty to securities fraud in the case of *United States v. Costello,* Case No. 2:22-CR-00160-RSM (W.D. Wash.). This development represents a substantial change in circumstances with immediate implications for this case. Simply put, Costello's Plea Agreement eliminates any rationale for maintaining the stay.

At the November 15, 2022 hearing on Plaintiffs' Motion for Terminating Sanctions, the Court indicated that it could not rule on the motion without first hearing from Costello regarding whether he violated the Court's Preliminary Injunction Order. Because Costello was incarcerated and unable to attend the hearing, the Court tabled Plaintiffs' motion and stayed the case. The Court has now "heard" from Costello on this issue. Costello's Plea Agreement admits he submitted a false declaration to this Court. (Dkt. No. 182). Costello's declaration claimed Plaintiffs' funds that were the subject of the Preliminary Injunction Order had been properly maintained during the pendency of this case. In reality, Costello had been "using, drawing down, transferring" and/or "reducing" the $2.9 million (quoting the Preliminary Injunction Order, Dkt. No. 23), to the point where there was only $15.35 left in the account.

In the light of Costello's Plea Agreement, a further stay of the case would be unwarranted and contrary to the interests of justice. Plaintiffs continue to have a strong interest in a swift, just resolution of the case and should not be prejudiced by further delay. In contrast, Costello, a convicted felon who lied to this Court, disregarded its orders and abused the judicial process has no supportable interest in a stay.

For all these reasons, the Court should lift the stay and rule on Plaintiffs' Motion for Terminating Sanctions.

## II. RELEVANT PROCEDURAL HISTORY

At the September 8, 2022, hearing, this Court ordered Costello to submit a declaration regarding the location of Plaintiffs' funds that were the subject of the Court's Preliminary Injunction Order and confirm he had complied with the Order during the pendency of this case. (Dkt. No. 148). In response to Costello's subsequent declaration, the Court issued an Order to Show Cause ("OSC") regarding whether Costello should be held in civil contempt for violating the Preliminary Injunction Order (Dkt. No. 157).

On September 23, 2022, Plaintiffs filed their Motion for Terminating Sanctions, arguing in part that Costello had clearly violated the Court's Preliminary Injunction Order (Dkt. No. 155). Plaintiffs' motion was ultimately set for hearing on November 15, 2022. In the interim, Costello was indicted for Securities and Banking Fraud, and subsequently incarcerated. (Dkt. No. 159).

At the November 15 hearing, the Court advised the Parties that it could not issue terminating sanctions because Costello was not present, and therefore, the Court could not hear directly from Costello as to whether he had violated the Court's Preliminary Injunction Order. Accordingly, the Court tabled Plaintiffs' Motion for Terminating Sanctions and, in the light of Costello's incarceration, stayed the case (Dkt. No. 173).

On January 13, 2023, in the case of *United States v. Costello,* Case No. 2:22-cr-00160-RSM (W.D. Wash.), Costello pleaded guilty to securities fraud and signed a Plea Agreement. As part of the Plea Agreement, Costello admitted he lied to this Court, as follows:

> *On September 15, 2022, Costello filed a Declaration in a pending lawsuit between Marijuana Business I and Pacific Banking Corp., GRN Funds, LLC and Costello. In his Declaration, Costello falsely stated that Marijuana Business 1's funds were located "in an aggregated account in the name of GRN Funds, LLC" located at Sound Credit Union in Tacoma, Washington, and that the "balance of funds as of September 9, 2022 is at least $2,923,858.13 for the funds in the account that are attributable to [Marijuana Business 1]." Contrary to Costello's sworn statements, the GRN Funds, LLC checking account at Sound Credit Union had a balance of $15.35 on September 9, 2022.*
> (See Dkt. No. 182)

1     Costello's above-referenced Declaration is the one he filed in the immediate action, in
2 response to the Court's demand that he should identify the location of the funds that were the
3 subject of the Court's Preliminary Injunction Order. (Dkt. No. 148).

### III.   ARGUMENT

#### A. CHANGED CIRCUMSTANCES WARRANT LIFTING THE STAY

6     "[T]he power to stay proceedings is incidental to the power inherent in every court to
7 control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254
8 (1936). Whether to stay a case – and therefore whether to lift that stay – is committed to the
9 district court's discretion. *Id.* "Logically, the same court that imposes a stay of litigation has the
10 inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F.Supp.
11 2d, 64, 74 (D.D.C. 2002). To assess whether a stay is warranted, the court weighs the "competing
12 interests" at stake, including "the possible damage which may result from the granting of a stay,
13 the hardship or inequity which a party may suffer in being required to go forward and the orderly
14 course of justice measured in terms of the simplifying or complicating of issues, proof and
15 questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398
16 F.3d 1098, 1110 (9th Cir. 2005). The court should also consider whether changed circumstances
17 affect those considerations. *See, eg., Akeena Solar Inc. v. Zep Solar Inc.*, No. C09-05040 JSW,
18 2011 WL 2669453, at *2 (N.D. Cal. July 7, 2011).

19     "[W]hen circumstances have changed such that the court's reasons for imposing [a] stay no
20 longer exist or are inappropriate, the court may lift the stay." *Hawai'i v. Trump*, 233 F.Supp. 3d,
21 850, 854 (D. Haw. 2017); *accord CMAX, Inc. v. Hall*, 300 F.2d 265, 270 (9th Cir. 1962).

22     Here, there unquestionably has been a significant change in circumstances. Costello in his
23 criminal proceeding pleaded guilty to a felony and awaits sentencing. In so doing, he signed a
24 Plea Agreement in which he admitted to lying to this Court about whether he violated the Court's
25 Preliminary Injunction Order. The Court cited Costello's inability to attend the November 15,
26 2022 hearing to answer whether he violated the Preliminary Injunction Order as the reason it could
27 not rule on Plaintiffs' Motion for Terminating Sanctions. Respectfully, the Court has now "heard"
28 from Costello.

Plaintiffs' Motion for Terminating Sanctions was premised on Costello's violation of the Preliminary Injunction Order as well as his multiple acts of perjury and discovery abuse. Those other issues have been exhaustively briefed to this Court. Consequently, the Court requires no further input from Costello or his lawyer on the topic of Plaintiffs' motion before the Court issues a ruling.

### B. PLAINTIFFS' INTEREST IN A JUDGMENT REMAINS SUBSTANTIAL

Plaintiffs' interest in a judgment without further delay remains substantial. Defendants misappropriated almost $3 million of Plaintiffs' operating funds. Defendants also represented to Plaintiffs that they would make more than $2.2 million in tax payments on Plaintiffs' behalf to the California Department of Tax and Finance Administration ("CDTFA") and failed to do so, resulting in 1) Plaintiffs defaulting on the tax payments; 2) CDTFA assessing Plaintiffs a 50% tax penalty; 3) Plaintiffs' loss of crucial operating capital and 4) delayed payments to Plaintiffs' vendors and employees, compromising those business relationships. Plaintiffs have also incurred great expense simply trying to get their money back. In short, the financial harm to Plaintiffs is real and ongoing. As an example, Plaintiffs are still in negotiations with the CDTFA over their liabilities arising from Costello failing to make their tax payments and then lying about making them. As previously reported, Costello's failure to make the tax payments resulted in the imposition of more than $2 million in penalties and interest on Plaintiffs. (See Dkt. No. 132-1). A civil judgment in Plaintiffs' favor would significantly help Plaintiffs in their negotiations with the CDTFA to reduce this financial obligation.

In contrast, Costello would suffer no hardship from the Court's lifting of the stay to rule on Plaintiffs' motion. Costello admitted to violating the Court' Preliminary Injunction Order so there is no need for his participation in further proceedings. In addition, any perceived threat to Costello's 5th Amendment rights by being forced to defend in parallel proceedings was rendered moot by his signed Plea Agreement. As a practical matter, whether Costello would be able to adequately protect his 5th Amendment rights was never a valid concern in the first instance, given that he had already testified twice in this case, and on each occasion asserted the privilege. Consequently, the rationale for maintaining a stay in this case, as enumerated in the *Keating*

factors, simply does not exist (See also, Plaintiffs' Opposition to Motion to Stay (Dkt. No. 162).

### IV.  CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court lift the stay in this case to allow for a ruling on Plaintiffs' Motion for Terminating Sanctions.

Dated: February 2, 2023                                    SELNA PARTNERS LLP


/s/Steven M. Selna
Steven M. Selna
Robert W. Selna
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action; my business address is 70 Washington Street, Suite 303, Oakland, California 94607.

On February 2, 2023, I served the foregoing documents described as **PLAINTIFFS' MOTION TO LIFT STAY** to counsel for Defendants, as follows:

Stephen M. Lobbin
SML Avvocati P.C.
888 Prospect Street
Suite 200
San Diego, CA 92037
sml@smlavvocati.com

___ (BY MAIL) I deposited such envelope in the mail at Oakland, California. The envelope mailed with postage thereon fully prepaid.

___ (BY MAIL) I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Oakland, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date od deposit for mailing in affidavit.

_X_ (BY ELECTRONIC TRANSMISSION) I transmitted a PDF version of this document by electronic mail to the party identified on the attached service list using the email address indicated:

___ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

X (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 2, 2023, at Oakland, California.

_____
Steven M. Selna